HARRIET A. TRUBEE *vs.* ELONZO S. WHEELER AND ANOTHER.

An action for the conversion of personal property was brought four months after the conversion and the converted property attached in the suit. Afterwards a statutory bond was substituted for the attachment, by which the obligors bound themselves that, if the defendant did not pay the judgment that should be recovered, the obligors would pay the value of the property at the time of the attachment, not exceeding the amount of the bond. Afterwards a part of the property was returned by the defendant. In the suit the facts were found by a committee, who reported the value, at the time of its conversion, of the property not returned, and the amount of damage done to the property returned, and judgment was rendered for those sums. In a suit afterwards brought on the bond, to recover the value of the property not returned, it was held that the report of the committee in the original suit was not admissible against the obligors, except for the purpose of showing the fact of the judgment; not being admissible for the purpose of showing the value of the property at the time of the attachment—(1st) because it found the value at the time of the conversion only, which was four months before the attachment, and (2d) because the defendants were not parties to that suit and it was therefore *res inter alios acta*.

[Argued October 29th—decided December 18th, 1885.]

ACTION on a statutory bond, substituted for an attachment of personal property; brought to the Superior Court and tried to the jury before *Stoddard, J.* Verdict for the plaintiff, and appeal by the defendant Wheeler. The case is sufficiently stated in the opinion.

*A. S. Treat* and *G. Stoddard*, for the appellant.

*W. K. Seeley* and *H. S. Sanford*, with whom was *D. C. Birdsall*, for the appellee.

CARPENTER, J. It appears that, on the 3d day of April, 1874, one Georgia V. Alden converted to her own use a large amount of personal property belonging to the plaintiff. On the 29th day of July following the plaintiff commenced

an action of trover to recover the value of the property so converted, and attached the property itself—whether all or a part only does not appear. In February, 1875, the attachment was dissolved by substituting for it the bond in suit. In June, 1877, a portion of the property was returned to the possession of the plaintiff. In March, 1880, the plaintiff recovered judgment in the action of trover for the value of that portion of the property which was not returned, and which was found to be, at the time of its conversion, $8,813.33; and for the damage to the property which was returned, which was estimated at $7,276.26. These two sums, with interest, made up the amount of the judgment.

The judgment was not paid, and this suit was brought. On the trial the plaintiff offered in evidence the report of the committee in the action of trover. The defendant objected to its admission, but the court admitted it, only for the purpose of showing the foundation of the judgment and fixing the amount thereof. The court expressly held that it was inadmissible for the purpose of showing the damage to the property which was returned, but seems to have admitted as showing, or in some way tending to show, the value of the property which was not returned. That was the real question in this part of the case.

The action is on a penal bond given to secure the performance of a condition therein named; that is, that the said Georgia V. Alden should pay the judgment recovered against her, and, in default thereof, that the obligors should pay the value of the property attached at the time of its attachment. The plaintiff, if entitled to recover, is only entitled to recover such value. The pleadings present this issue as follows:—The plaintiff alleges that a portion of the property was returned in a damaged condition, and that the balance was worth $8,813.33 at the time of the attachment. The defendant neither admits nor denies the return of the property or the damage thereto, but leaves the plaintiff to prove the same, but the allegation as to the value of the balance is denied. The burden therefore is on the plaintiff to prove the value as alleged. As the case is pre-

sented to us, no evidence was offered on that point except the report of the committee; and as that was received for another purpose only, there seems to have been no evidence before the jury to sustain this allegation. In this state of things the court told the jury that the bond was "*primâ facie* evidence of the fact that the property in question was the property of the original defendant, and, by fixing the sum of $14,000, fixes *primâ facie* that amount as the actual value of the interest of the defendant in the original suit." If it be true in any sense that the bond was *primâ facie* evidence of value, obviously it was *primâ facie* evidence of the value of the whole property, including that which was returned as well as that which was not, and could not be *primâ facie* evidence of the value of either portion of it. The bond when taken could have had no reference to a subsequent division of the property. The charge, therefore, was not adapted to the case, and was not what the pleadings required.

Assuming, but for our present purpose only, that the bond was *primâ facie* evidence of the value of the whole property attached, yet it was necessary to go one step further in order to prove the allegation in the complaint, and prove the value of that portion of the property which was not restored to the plaintiff, either directly or indirectly, by proving the value of that which was returned and deducting it from the amount named in the bond. There seems to have been no such proof. But the court, after rejecting the report as evidence of the value of the property returned, or the damage to it, turned its attention to the value of that part which was not returned. And here, so far as we can discover from the record, the court must have adopted one of two alternatives; either it accepted the allegation in the complaint as to value as true, without proof, and notwithstanding the denial of the defendant, or else it treated the report as evidence of such value. If the former, the error is apparent without argument; if the latter, although not so obvious, still the error exists; for we are of the opinion that the report was not admissible on the question of value.

It was strictly *res inter alios*. The defendant was neither party nor privy to that proceeding, except that he could not controvert the judgment, and could not deny that the property was worth, when converted, the sum named, for that fact was essential to the judgment rendered. But the question now is, what was the value of the defendant's interest in the property when it was attached? The former judgment neither proves, nor tends to prove legally, the value at that time.

Moreover, the report purports only to show the value of the property when converted, April 3d, 1874; it does not even tend to prove that the same property, nearly four months later, was worth just the same sum.

We deem it unnecessary to consider the other questions in the case.

For the reasons given the judgment must be reversed and a new trial ordered.

In this opinion the other judges concurred.