HENRY PERRY *vs.* CHRISTOPHER C. POST AND ANOTHER.

The statute (Gen. Statutes, tit. 19, ch. 2, secs. 23, 27,) provides for the giving of a bond with surety by a defendant in substitution for property attached in the suit, by which the obligors bind themselves to pay the judgment that may be recovered, or the actual value of the interest of the defendant in the attached property. Held, in a suit on such a bond, that in assessing the damages the value of the property at the time the bond was given was to be taken, and not its value at the time of the judgment rendered or demand made.

DEBT on a bond given for attached property; brought to the Superior Court in New Haven County, and tried to the court, on the general issue, with notice, before *Hovey, J.*

The bond was given under the statute (Gen. Statutes, p. 406, sec. 23,) which provides that when any estate shall be attached, the defendant may apply to a judge of the court in which the action is pending, to dissolve the attachment lien, upon the substitution of a bond with surety; later sections directing as to the form of proceeding, notice to the adverse party, the amount of the bond, and its form.

In the suit in which the bond was taken the officer was commanded to attach the property of the defendants in that suit, the Simpson Waterproof Manufacturing Company, to the amount of seven thousand dollars, and the property attached consisted of a large quantity of steam pipe and machinery in the factory of the company. The bond stated

the value of the attached property as estimated to be $7,000, and was for that amount, and was conditioned for the payment of the judgment that might be recovered in the suit, not exceeding the amount of the bond. The plaintiff recovered judgment in the suit for $2,593 damages, and $414 costs of suit.

The notice given by the defendants under the general issue was, that they should offer evidence that the Simpson Waterproof Manufacturing Company, previous to the attachment, had sold out its interest in the property and had been dissolved; and that the value of the property did not exceed $300.

Upon the trial the defendants, under the notice appended to their plea, offered evidence to prove the value of the property attached, at the time when the judgment was recovered by the plaintiff against the Simpson Waterproof Manufacturing Company, and when demand was made upon the defendants; but upon objection of the plaintiff the court excluded the evidence.

They also offered to prove the value of the property if the same had been sold by the officer by public auction in the manner provided by statute for the sale by an officer of property taken on execution, but the court, upon objection made by the plaintiff, excluded the evidence.

The court rendered judgment in favor of the plaintiff, for the sum of $1,869, which was found to be the actual value, at the time the bond was given, of the interest of the defendants in the former suit in the property.

The defendants moved for a new trial for error in this ruling of the court.

*A. S. Treat* and *C. R. Ingersoll*, in support of the motion, cited *Dehler* v. *Held*, 50 Ill., 491; *Suydam* v. *Jenkins*, 3 Sandf., 617; *Carpenter* v. *Stevens*, 12 Wend., 589; *Shaw* v. *Laughton*, 20 Maine, 266; *Tuck* v. *Moses*, 58 id., 469; *Mattoon* v. *Pearce*, 12 Mass., 406; *Rich* v. *Bell*, 16 id., 294; *Brooks* v. *Hoyt*, 6 Pick., 468; *Swift* v. *Barnes*, 16 id., 194; *Whitwell* v. *Wells*, 24 id., 33; *Parker* v. *Simonds*, 8 Met.,

205; *Bartlett* v. *Kidder*, 14 Gray, 449; *Davis* v. *Harding*, 3 Allen, 304; *Leighton* v. *Brown*, 98 Mass., 516; *Mason* v. *Haile*, 12 Wheat., 370; *Wells* v. *Abernethy*, 5 Conn., 222, 227; *Clark* v. *Smith*, 10 id., 1; *Green* v. *Barker*, 14 id., 434; *Palmer* v. *Gallup*, 16 id., 555; *West* v. *Pritchard*, 19 id., 215.

*H. S. Sanford*, contra.

PARK, C. J. The question in this case is as to the correctness of the rule of damages adopted by the court below in rendering judgment for the plaintiff. The court assessed damages to the amount of the value of the actual interest which the Simpson Waterproof Manufacturing Company had in the property attached at the time the bond in question was given; and ruled out evidence offered by the defendants to show the value of such interest at the time when the judgment was rendered in the original suit.

The question then is, whether in an action on a bond, substituted for an attachment of property under the statute, damages shall be assessed to the amount of the value of the property attached at the time the bond was given, not exceeding the judgment rendered in the suit in which the attachment was made, or to the amount of the value of such interest at the time the judgment was rendered. The defendants insist that the true rule of damages under the statute is the value of the property at the time when the judgment was rendered. Their claim is based on the theory that the bond is a substitute for the lien created by the attachment, and not for the property attached; and that therefore when the judgment was rendered in the original suit, the bond substituted for the lien on the property represented the attachment lien, and could be of no more value at that time than the attachment would have been if it had not been dissolved; and inasmuch as the value of the attachment would have been measured by the value of the property, so also the value of the bond should be determined by the same rule. Hence they conclude that inasmuch as the bond could not be broken

till the judgment was rendered, its value at that time is the measure of damages.

But the argument is fallacious. The fallacy lies in the premises. The bond was not substituted for the attachment lien, but for the property attached. If it was a substitute for the lien, then if the property was destroyed the bond would cease to have any binding obligation; its virtue would be gone, like an attachment lien on property destroyed. This is not so. If the property were destroyed the bond would remain with all its original obligation.

The defendants further claim that the obligation of the bond is like the obligation of a receipt given to an officer to release property attached. But there is but little analogy in the cases. The obligor in a receipt has the privilege of returning the property to the officer in fulfillment of his obligation; but the obligor in a bond of this character has no such privilege. He undertakes absolutely to pay the amount of the bond, if it should prove to be equal to or less than the amount of the judgment rendered in the suit in which it was taken. He undertakes to secure the future contingent judgment at all events, to the amount of the bond.

For a like reason there is no analogy between a bond of this character, and a bail-bond given to an officer, or a bond given for the appearance of a party in a criminal proceeding. In both of these cases cited by the defendants as analogous, the bond is fulfilled by the production in court of the party named in it. The party is regarded as in the custody of the bail in the meantime, as property attached is considered in the care and custody of the receiptor awaiting the judgment to be rendered in the case.

We think it clear that the bond in this case took the place of the property attached. The statute provided a tribunal to determine the value of such property at the time the substitution was made, and required that the bond should equal that value in amount. No time is mentioned in the statute with reference to which the valuation shall be made, but the implication is strong that it shall be made with reference to the time when the hearing upon the application for the bond is had.

This construction of the statute approaches nearer to justice between parties than any other which can be given. The property may rise in value, and it may fall. The probabilities regarding it may balance each other. The bondsman may fail and become irresponsible. To balance this uncertainty the plaintiff, on the bond being given, is relieved of any further trouble concerning the property. Should he fail in his suit, he will have no large bills of expense to pay for keeping the property under attachment.

The construction contended for by the defendants would manifestly work injustice. The attached property may be a store of dry goods. The goods may be sold, and scattered beyond discovery before judgment shall be rendered, when the plaintiff would have no opportunity of showing their value.

We do not advise a new trial.

In this opinion the other judges concurred.