JAMES MORAN ET AL. *vs.* JULIA C. BENTLEY, ADMINISTRA-TRIX.

Second Judicial District, Norwich, October Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The refusal to allow a proper amendment, based not upon an exercise of an independent discretion but solely upon an erroneous conception of a former ruling of another judge in the same cause, which the trial court intended to follow, is an error of law reviewable upon appeal.

To a complaint against an administrator of the estate of an alleged co-partner with the plaintiffs, for an account, an amendment was offered, alleging that there was in fact no partnership *inter se*, but that the plaintiffs and the intestate had transacted business ostensibly as partners, and in so doing property of the plaintiffs had come

into the hands of the intestate, for which he was bound to account and had never accounted. *Held* that this was not a statement of a new cause of action, but a new statement of the same transaction, which might properly be allowed by way of amendment.

Argued October 18th, 1898—decided March 30th, 1899.

ACTION for an adjustment of partnership accounts and for $38,000 damages, brought to the Superior Court in New London County and reserved by that court, *Robinson, J.,* upon the facts found, for the consideration and advice of this court. After the Superior Court had been advised by this court (69 Conn. 392) that the plaintiffs were not entitled, upon the pleadings as they stood, to an accounting, the plaintiffs twice moved for leave to file substituted complaints, which was denied, first by *Robinson, J.,* and subsequently by *Shumway, J.,* and judgment was rendered for the defendant, from which the plaintiffs appealed for alleged errors in the rulings of the court in disallowing the proposed amendments. *Error.*

The substituted complaint which the plaintiffs first asked leave to file, stated the following case : —

On November 2d, 1885, the plaintiffs and Bentley, the defendant's intestate, entered into an agreement to carry on a lumber business, under the style of the New London Lumber Company, and to hold it out as a copartnership to the public, but that, as between themselves, they should not be partners, and the assets of the company should belong to the plaintiffs. In pursuance of this agreement, such a company was thereupon so formed, and a lumber business was so carried on until December 31st, 1893, when public notice was given, over the signatures of the plaintiffs and Bentley, of the dissolution of "the copartnership heretofore existing" by said name. Bentley signed it thus : "Andrew J. Bentley, special." During the continuance of the company, lumber was largely bought by it on the joint credit of the plaintiffs and Bentley, and it sold the same, and Bentley received large sums from such sales, both before and after the dissolution of the copartnership, to use in paying the company's debts and to account for, and also received some of the lumber so purchased by the com-

Moran et al. *v.* Bentley, Admx.

pany, the value of which he agreed to apply in liquidation of its indebtedness, and to account for. In 1895 Bentley died, and there was then due to the plaintiffs, and still is, a balance of $34,000, for which they duly exhibited a claim against his estate. The defendant disallowed the claim, and has never accounted to the plaintiffs.

In a second count it was averred that the original agreement between the parties was that Bentley was to assist the plaintiffs to carry on a lumber business at said New London in the name and style of the New London Lumber Company. Said company by said agreement was to be and was designated a copartnership, and during all the time of its existence it was represented to third parties by said Bentley that he was a copartner of the plaintiffs therein, and as to third parties the plaintiffs and said Bentley were copartners; but as between themselves it was agreed that the profits of said company should belong to the plaintiffs equally. The other allegations were the same as in the first count.

The claim was for equitable relief by way of "an accounting by the defendant of the property, moneys and credits received by the said A. J. Bentley, belonging to the said New London Lumber Company, purchased in its name and on the joint credit of the plaintiffs and the said A. J. Bentley, and judgment for the amount found due to the plaintiffs from said estate."

In support of their motion to amend, the plaintiffs claimed that their substitute complaint was intended to correspond with the facts already found by the court. The motion was denied (*Robinson, J.*) without prejudice, on the ground that the complaint did not correspond with that finding, and so would open the door to a retrial of material facts.

Thereupon the plaintiffs asked leave to amend by filing another substituted complaint. This differed from that just described, in substituting for the averments that Bentley, after the dissolution, received money and property to be accounted for, the following:—

"When said dissolution took place, the New London Lumber Company was owing Mr. Bentley, who was doing busi-

ness under the name of the Columbia Steam Saw and Planing Mills, for capital furnished, labor and for interest on the capital so provided by Mr. Bentley, and the plaintiffs thereupon sold and delivered to said Bentley the entire stock of merchandise of the New London Lumber Company, then on hand, at an agreed price.

" The accounts that were outstanding at the time of said dissolution on the books of the New London Lumber Company, and other obligations due to them, were collected as they could be, and such collections as were made were entered on the books of the New London Lumber Company and the money therefrom was turned into the bank deposit account of the said Columbia Steam Saw and Planing Mills ; that is, Andrew J. Bentley's bank deposit account. There was never any settlement between said plaintiffs and said Bentley."

This motion was also denied (*Shumway, J.*), on the ground that the proposed complaint did not correspond with the finding, and so was open to the same objections which had led to the denial of the first motion.

Six weeks later, the plaintiffs moved for leave to file another form of substituted complaint, which was simply a recital of the facts set out in the finding (as recited in 69 Conn. 395), and for the most part in the same language, omitting occasionally such a phrase as "it appeared in evidence that," and adding suitable allegations as to the presentment and disallowance of the claim against Bentley's estate. This motion was denied (*Shumway, J.*), on the same ground on which the former averments had been disallowed, and also because it came too late. Judgment was thereupon rendered for the defendant on the original finding, and the plaintiffs appealed, assigning for error each of the successive refusals of leave to amend.

*Solomon Lucas*, for the appellants (plaintiffs).

*Frank T. Brown* with whom was *John C. Geary*, for the appellee (defendant).

BALDWIN, J. The advice given by this court when this

cause was before it on a former occasion was, that as the pleadings then stood the plaintiffs were not upon the facts found, entitled to a judgment for an accounting. *Moran* v. *Bentley*, 69 Conn. 392, 404. Their allegations were that Bentley was a partner; the finding was that, as between him and them, he never was. That he occupied the relation of a partner as to others, did not entitle the plaintiffs to hold him as such, in contravention of their express agreement. The variance was a material one. Any amendment of the complaint sufficient to avoid it, which might be allowed, would therefore necessarily be a material amendment, and, as was stated in our opinion, would entitle the defendant to file new pleadings and contest the new case so presented.

Whether, under these circumstances, the first motion of the plaintiffs for leave to file such an amendment could have been absolutely denied, or whether its denial without prejudice, upon the grounds stated in the memorandum of decision, could be the subject of review upon appeal, it is unnecessary to determine.

Those grounds were that, while a suitable amendment to cure the variances should be allowed, that thus presented departed from the facts found, as to the transactions occurring after the dissolution of the New London Lumber Company. Two paragraphs of the first count of the complaint which the plaintiffs sought to substitute for their original one, were pointed out as inconsistent in this respect with the two corresponding paragraphs of the finding; the court observing that there was "no need of the marked variations in statement" by which they were characterized. The averments to which objection was thus made were, that after the dissolution of the company Bentley received the proceeds of lumber sold by it, for which it was his duty to account, but he had never accounted; and that he had also previously received property belonging to the company, the value of which he agreed to apply upon its indebtedness to him, but never did.

At the following term, before another judge, the plaintiffs asked leave to file another "substitute complaint." This was substantially the same as the first count of that previously

presented, except that the two paragraphs which had been pointed out as objectionable were replaced by two as to the same subject-matter, in which the finding of the court was precisely followed.

The motion was denied on the sole ground that the amendment thus proposed was not such a one as should be allowed under the ruling made at the previous term.

A comparison of the two complaints thus successively presented shows that the latter only varies from the former in being confined to a single count, and by omitting in that precisely what the court had said should be omitted, and adding precisely what the court had said should be added. The refusal to allow it to be filed was therefore placed upon a ground that was untenable in law. Being based, not on the exercise of an independent discretion, but solely on an erroneous construction of the former ruling, to which it was the object of the court to conform, it is a proper subject of review in this proceeding. Such is not the case as to the subsequent order upon the motion for leave to file the third "substitute complaint," denying this because, among other things, it came too late.

The memorandum of decision made by the judge who denied the first motion for leave to amend, shows that he was of opinion that no amendment should be permitted under which there could be further litigation over certain questions already settled: such as that Mr. Bentley had never been a partner with the plaintiffs, or about the business or transactions of the New London Lumber Company, or that at the time that company was dissolved the plaintiffs were indebted to Mr. Bentley, and that they sold him at that time and at an agreed price all the stock of lumber then on hand and owned by the company; while there were other matters, including the balance of indebtedness which existed upon the sale, whether from or to the plaintiffs, and the amount of the collections which had been made since and had gone into the possession of Mr. Bentley, which had not been adjudicated or settled. As to any amendment by which these latter facts might be tried the court said the denial of the motion should be with-

out prejudice.    It seems to us that the second substitute complaint came fairly within the ruling then made.   It does not afford the plaintiffs any opportunity to retry the matters which the ruling said should not be retried, while it does afford them an opportunity to litigate those matters which had not been decided.    We think that amendment should have been allowed.

It is contended by the appellees that the second "substitute complaint" could not properly have been entertained, because it set up a new cause of action.    This is taking too technical a view of the matter in controversy.    The subject of the original complaint was a certain transaction between the plaintiffs and the defendant's intestate connected with the formation of the New London Lumber Company.    The same transaction was the subject of the substitute complaint, though it was presented by a different mode of statement, founded upon a different view of its legal consequences. *Johnston* v. *Sikes*, 56 Conn. 589 ; *Lovell* v. *Hammond Co.*, 66 id. 500, 507.

There is error, the judgment is set aside, and the cause remanded, with directions to vacate the order denying the second motion for leave to amend, and to enter an order granting the same.

In this opinion the other judges concurred.