ROY M. GARFIELD *vs.* THE HARTFORD AND SPRING-FIELD STREET RAILWAY COMPANY.

First Judicial District, Hartford, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

The disallowance of an amendment to the complaint solely because the trial court erroneously conceived it would be unavailing, is an error of law reviewable on appeal.

The plaintiff's automobile was injured by striking a trolley pole near the defendant's track, while the plaintiff, in the night, and in

Garfield *v.* Hartford & Springfield Street Ry. Co.

the alleged exercise of due care, was proceeding slowly along a country road, with which he was unfamiliar, in an endeavor to get off the trolley track and avoid a collision with one of the defendant's electric cars, which, rounding a curve a short distance ahead, bore down upon him at a dangerous and unlawful rate of speed and carried a powerful search-light which the motorman carelessly allowed to shine in the plaintiff's eyes and blind his vision.  *Held:*—

1. That the complaint stated a good cause of action.
2. That the fact that the car was equipped with a powerful search-light was no evidence of negligence; but that it might be evidence of negligence if a car thus equipped was run at an unlawful rate of speed, in a narrow road, with no proper lookout for travelers upon the tracks whose eyes might be so dazzled by such a light as to prevent them from seeing which way to turn in order to escape injury.
3. That the legal result would have been the same had the plaintiff's automobile collided with a tree or rock in the spot occupied by the trolley pole.
4. That it was not incumbent upon the plaintiff to allege exactly how far away the electric car was when he drove off the highway into the trolley pole.

The complaint averred that the search-light in question was not permitted to be used on trolley cars in the cities by reason of its dangerous character in making the highways there unsafe for public travel.  *Held* that this allegation was properly expunged on motion.

Argued January 2d—decided January 18th, 1907.

ACTION for damages from collision with a trolley pole while endeavoring to get out of the way of a trolley car, brought to the Superior Court in Hartford County, where a demurrer to the complaint was sustained (*Robinson, J.*), an amendment was moved for and disallowed (*Gager, J.*), and judgment was rendered for defendant. *Error, judgment set aside and cause remanded.*

*Andrew J. Broughel,* for the appellant (plaintiff).

*Charles E. Perkins* and *Arthur Perkins,* for the appellee (defendant).

BALDWIN, J.  The complaint stated this case : The defendant operates a street trolley railway upon a highway

in Windsor. The plaintiff, in the exercise of due care, was driving an automobile southerly on said highway, at night, and approaching a point upon it where it takes a short turn, near the freight station of a steam railroad, a track of which was also laid there on the highway. He was on the trolley track, which ran along the easterly side of the highway, when a trolley car, coming from the south, rounded the curve. It carried an electric search-light of great power, such as is used in running in suburban districts, which shone in his face and made it impossible for him to see the trolley tracks or the exterior lines of the highway in front of him. He therefore stopped where he was, but the car kept on, with no change in the management of the light, whereupon to avoid a collision, not being familiar with the locality, he drove slowly toward the right and westerly part of the highway. The trolley tracks crossed the highway diagonally at about this point, and on reaching the westerly part of it he found his automobile still on the tracks. As the car was coming near and if he remained where he was there would inevitably be a collision, he drove still further to the right and immediately struck a trolley pole near the west rail, and his automobile was almost demolished thereby. The highway was narrow there, and the position of the trolley tracks and poles made it especially dangerous for travelers, which the defendant knew and he did not. His collision was due to the defendant's negligence in failing to keep a proper lookout and to stop the car so as to give him an opportunity to get his automobile to a place of safety, and in failing to control or shut off the search-light, or to substitute, as the motorman easily could have done, one less powerful, and in locating and maintaining the trolley pole too near the traveled part of the highway.

Three months after a demurrer to this complaint had been sustained, the plaintiff moved for leave to amend by alleging that the car was being negligently run at a dangerous and unlawful rate of speed, to wit, more than fifteen miles an hour. This amendment was disallowed on

the sole ground, as appears by the memorandum of decision filed by the trial court, that it would be of no value in strengthening the case presented by the complaint.

If the original complaint was sufficient, the judgment was erroneous. It is equally erroneous if that was insufficient but would have been made sufficient by the amendment. *Moran* v. *Bentley*, 71 Conn. 623, 42 Atl. 1013.

This being so, we need only inquire whether, if the amendment had been allowed, the plaintiff's case as he stated it would, if proved, support a recovery in his favor.

That his damages resulted immediately from his own act in running his automobile against a pole, is not decisive in favor of the defendant. According to his story, he did this in ignorance that the pole was in his way, and in the attempt to get off the tracks and so avoid a collision, which seemed to him otherwise inevitable, with a trolley car which was rapidly approaching at a dangerous and unlawful rate of speed.

There is nothing in the complaint to show that he was chargeable with negligence in being upon the trolley tracks at the time when the danger of a collision arose. *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 487, 37 L. R. A. 533, 37 Atl. 379. If the car bore down upon him, running into a narrow part of a highway, on which were laid both steam railroad and trolley tracks, at an excessive rate of speed, at night, and equipped with a light of dazzling brilliancy, and the motorman kept no proper lookout, and carelessly failed to use the means at his command to avoid blinding the plaintiff by such a search-light, it would be a fair question for the jury whether the latter was or was not negligent in doing what he did, and also whether the servant of the defendant was or was not negligent in what he did and what he failed to do. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, 22 id. 544. If the plaintiff was using ordinary care in getting off the tracks to avoid a collision that could otherwise have been reasonably anticipated and was threatened by the negligent acts or omissions of the defendant, these acts and

omissions were as much the proximate cause of the injury to his automobile as the first toss of the squib into the market-house was the proximate cause of the injury from the last toss, in the familiar case of *Scott* v. *Shepherd*, 3 Wils. 403.

It is no evidence of negligence that a street-railway car is equipped with a powerful search-light, but it may be evidence of negligence if a car, thus equipped, is run at an unlawful rate of speed, in a narrow road, with no proper lookout for travelers upon the tracks whose eyes may be so dazzled by such a light as to prevent them from seeing which way to turn in order to escape injury.

The averment of negligence in locating and maintaining the trolley pole against which the automobile was run, in the position which it occupied near the edge of the high-way, was immaterial, in view of the other facts alleged. Had the collision been with a tree or a rock, in the same place, the legal result would have been the same. That the pole was there was only important to the plaintiff's case as one of the circumstances of danger to be taken into account by the motorman in regulating the management of the car.

It is contended that the complaint does not show any exigency to justify the plaintiff's driving off the tracks into the darkness, without being able to see what lay before him, since, for aught that appears, the trolley car may have been far enough away to have given him ample time to consider the situation. As to this, it is enough to say that in such a complaint precise allegations of distances are not called for.

The trial court properly granted a motion to expunge from the complaint allegations that a search-light of such a description is "not permitted to be used on trolley cars in the cities by the city authorities owing to its dangerous character in making the highways in cities and populous districts unsafe for public travel thereon." As the accident occurred in a sparsely settled portion of a country town, proof of what was permitted in cities by the city

authorities (if that could be shown under any circumstances), could not be relevant to the case in hand.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred, except REED, J., who dissented.