THE REPUBLIC RUBBER COMPANY *vs.* PIERREPONT B. FOSTER.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

A bond given to dissolve an attachment, in the form prescribed by statute (§ 5888), for the payment of the judgment that may be recovered, or in default of such payment, the actual value of the interest of the defendant in the attached property at the time of the attachment, is a substitute for the property itself and not a substi-

tute for the lien of the attachment; and therefore the obligation of the bond is destroyed by whatever destroys the attachment. Accordingly, the surety is not liable on such a bond if the debtor whose property is attached was insolvent when the bond was given and was adjudged a bankrupt within four months thereafter, since the Bankruptcy Act (9 U. S. Comp. Statutes, 1916, § 9651) makes all such attachments null and void.

It is immaterial whether such a bond is voluntarily given and accepted by the parties, or is imposed by judicial order; for the contractual obligation of the principal and surety, expressed by the condition of the bond, is the same in either case. Moreover, there is no reason why the plaintiff creditor who agrees to accept such a bond as would otherwise inevitably be ordered by the judge, should thereby get any better security than he would under a judicial order.

Argued October 29th—decided December 22d, 1920.

ACTION against the surety upon a bond given to release an attachment, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.*, upon a demurrer to the answer; the court sustained the demurrer and afterward rendered judgment for the plaintiff for $795, from which the defendant appealed. *Error and cause remanded.*

In order to obtain a release of an attachment of personal property belonging to the Lindsay Auto Supply Company, that corporation as principal, and the defendant Foster as surety, executed and delivered to the plaintiff an attachment bond in the form prescribed by § 5888 of the General Statutes. The complaint alleges that the plaintiff recovered judgment against the Lindsay Auto Supply Company, and that execution was issued and returned unsatisfied, notwithstanding demand made on the principal and surety. The defendant's answer admitted all the essential allegations of the complaint, and for a special defense alleged that within four months after the attachment the Lindsay Auto Supply Company was duly adjudicated a bankrupt. A demurrer, on the ground that the obligation of the bond was not released by the adjudication of the

bankruptcy, was sustained. A motion to amend the special defense, by alleging that at and before the adjudication the Lindsay Company was insolvent, was denied, on the ground that the proposed amendment would not avoid the demurrer, and thereupon judgment was entered for the plaintiff.

*William B. Ely,* for the appellant (defendant).

*Samuel J. Nathanson,* with whom, on the brief, was *Charles A. Harrison,* for the appellee (plaintiff).

BEACH, J. The disallowance of the proposed amendment to the special defense, on the ground that if allowed it would not validate the defense, is assigned as error, and it presents in this court the question whether the special defense would have been sufficient in law if the amendment had been allowed. *Moran* v. *Bentley,* 71 Conn. 623, 42 Atl. 1013; *Garfield* v. *Hartford & Springfield Street Ry. Co.,* 79 Conn. 458, 461, 65 Atl. 598.

Section 67f of the Bankruptcy Act (9 U. S. Comp. Stats. 1916, § 9651) provides that all attachments against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and that the property affected shall be deemed discharged and released and shall pass to the trustee. The question presented is whether the obligation of this bond is discharged by an insolvency and bankruptcy which would have destroyed the attachment, had no bond been substituted for it. The precise point has not been litigated and decided in this State, but the construction and the legal effect of our statutory form of attachment-bond have been settled. In *Perry* v. *Post,* 45 Conn. 354, we held that

the statutory bond conditioned in the alternative, to pay the judgment or to pay the actual value of the interest of the defendant in the property attached, was a substitute for the property, and not a substitute for the lien of the attachment; and therefore, that for the purpose of assessing damages for a breach, the value of the defendant's interest in the property should be taken as of the date when the bond was substituted for the attachment, and not as of the date of the judgment. In *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 80 Atl. 290, we held that the converse proposition was true: that a bond conditioned to pay the judgment without any alternative, was a substitute for the lien of the attachment and not a substitute for the property; and hence, that such a bond was not invalidated by the insolvency and bankruptcy of the defendant within four months after the attachment. In that connection we said: "A bond given to release property from attachment may, according to its tenor or the circumstances, be one which in legal contemplation takes the place of the attachment lien, or one which is substituted for the property attached. . . . The legal consequence in situations of the latter sort, of the dissolution of the attachment as affecting liability on the bond, is apparent. As the lien of the attachment remains in legal contemplation over the property through the bond, or over the bond as representing the property, it follows naturally that whatever destroys the attachment destroys all liability on the bond." These decisions definitely characterize our statutory bond as a substitute for the property attached, and therefore as one whose obligation is destroyed by whatever destroys the attachment.

It is admitted that such must be the result when the attachment is dissolved by judicial order, on the substitution of such a bond. But it is said that if the

bond be substituted and the attachment released by the voluntary act of the plaintiff, then the bond is to be taken literally and as an unqualified personal obligation of the surety, and is not in legal contemplation a substitute for the property attached. This position is unsound, because the bond, whether voluntarily accepted or imposed by judicial order, simply expresses a contractual obligation of the principal and surety; and the decisions referred to have construed the statutory formula as expressing an obligation conditioned on the continuance of the attaching creditor's right to secure by attachment a preference over other creditors. This construction is derived from the alternative form of the condition, from the purpose for which the bond is given, and from the effect of the statute, which relates back to and nullifies the original attachment.

We held in *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 80 Atl. 290, that the parties might contract for the release of the attachment upon other terms, if they chose to do so; but when they express their contract in a form which has already been stamped by judicial construction as not good in case of insolvency and bankruptcy within four months from date, we think they must be held to have intended that consequence.

Looking at the matter from another standpoint, it is the right of the defendant to apply for an order dissolving the attachment on substituting a bond in the statutory form, and the practice is to grant such applications as of course, if no successful objection is made to the amount and sufficiency of the bond. Assuming such a bond to be unobjectionable, why should the attaching creditor, by consenting to a substitution which appears to be inevitable, get any better security than that which the impending judicial order would give him. He loses nothing by the substitution, and, on the other hand, is relieved of the care and custody of the attached prop-

erty and secured against possible loss by its deprecia-
tion or destruction. *Perry* v. *Post*, 45 Conn. 354.

There is error, the judgment is set aside and the cause
remanded for further proceedings according to law.

In this opinion the other judges concurred.