## McCann-Camp Company, Inc. *vs.* The Globe Indemnity Company.

Third Judicial District, Bridgeport, October Term, 1924.
Wheeler, C. J., Beach, Curtis, Keeler and Kellogg, Js.

Notwithstanding the statutory provision (§ 5887) that an attachment bond shall equal in amount the value of the estate directed in the process to be attached, the parties may agree to release a part only of the property attached by substituting a bond for its agreed value; and if the condition of such bond is substantially in the alternative form prescribed in § 5888, it is discharged by an insolvency and bankruptcy which would have discharged the attachment if no bond had been substituted.

Argued November 13th—decided December 1st, 1924.

ACTION against the surety upon a bond given in substitution of an attachment, to recover the amount of an unsatisfied judgment obtained by the plaintiff against the principal on the bond, brought to and reserved by the Superior Court in Fairfield County, *Marvin, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment for defendant advised.*

Plaintiff brought an action in the Superior Court in Fairfield County, on November 29th, 1921, against the Locomobile Company, a corporation located at Bridgeport, demanding $30,000 damages. The writ directed an attachment in the sum of $35,000, and pursuant thereto the officer serving the writ attached five automobiles and garnisheed the First National Bank of Bridgeport where the defendant had an account. The officer held the five automobiles in his possession until December 7th, 1921, when they were released from the attachment by the substitution of a bond executed by the Locomobile Company, as principal, and the defendant, the Globe Indemnity Company, as surety, in the penal sum of $23,000. No mention was made in the bond of the foreign attachment on funds in the First National Bank, and that attachment was not released thereby.

On February 14th, 1922, within four months of the attachment, a petition in bankruptcy was filed in the United States District Court for this District, and in the proceedings thus commenced the Locomobile Company was thereafter duly adjudicated a bankrupt. On February 7th, 1922, plaintiff recovered judgment against the Locomobile Company in the action in the Superior Court, for $20,288.21, upon which judgment execution was issued and demand for payment made upon and refused by the Locomobile Company and by the surety. The execution was returned unsatisfied. In the course of the bankruptcy pro-

ceedings all the assets of the Locomobile Company including the five automobiles in question and the funds on deposit in the First National Bank, were taken into the custody of the Bankruptcy Court and duly administered.

The five automobiles attached were of the value of $23,000.

The Locomobile Company was insolvent, when the attachment was made and when the bond was given.

The questions upon which our advice is asked are as follows: (a) Is the bond given in said action and set forth in this record as Exhibit A, a statutory bond as provided by statute for substitution for an attachment, or is it a common law bond? (b) Was the bond discharged by the filing of the petition in bankruptcy? (c) Is the plaintiff entitled to judgment upon said bond for the amount of the judgment for damages and costs recovered in the original action against the Locomobile Company?

*Joseph G. Shapiro,* with whom was *Harry Allison Goldstein,* for the plaintiff.

*William H. Comley,* for the defendant.

BEACH, J. The condition of the bond in suit is in the alternative form found in § 5888 of the General Statutes; that is to say, it may be performed either by paying the judgment recovered in the action, or by paying to the officer having the execution issued on such judgment the actual value of the interest of the defendant in the attached property at the time of the attachment. It is the settled law of Connecticut that a bond in this form, given to obtain a release of an attachment, is a substitute for the property, and not a substitute for the lien of the attachment; and that therefore the obli-

gation of the bond is discharged by an insolvency and bankruptcy which would have discharged the attachment had no bond been substituted for it. *Perry* v. *Post*, 45 Conn. 354; *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 80 Atl. 290; *Republic Rubber Co.* v. *Foster*, 95 Conn. 551, 111 Atl. 839.

The attempt is made to distinguish the case at bar for the sole reason that § 5887 of the General Statutes, carrying the subtitle, "Amount of attachment bond," provides that "such amount shall equal the value of the estate which the process directed to be attached, unless" etc.; whereas the amount of the bond in this case is substantially less than the whole value of the estate directed to be attached, though it equals the value of the property released from the attachment.

From this it is argued that the bond in suit was not a "statutory bond," and therefore is not, or at least has not yet been held to be, a substitute for the property attached. We are of opinion that the point has been, in principle, decided adversely to the plaintiff by the *Republic Rubber Co.* case. The condition of the bond sued on in that case was also in the statutory form and the claim there made was that nevertheless it was not a substitute for the property attached because not imposed on the plaintiff by an order of court, but voluntarily accepted, and the attachment released by consent. On that point we said, on p. 555: "This position is unsound, because the bond, whether voluntarily accepted or imposed by judicial order, simply expresses a contractual obligation of the principal and surety; and the decisions referred to [*Perry* v. *Post* and *Schunack* v. *Art Metal Novelty Co.*, *supra*] have construed the statutory formula as expressing an obligation conditioned on the continuance of the attaching creditor's right to secure by attachment a preference over other creditors." On the facts found, the plaintiff's attachment would

have been dissolved, had no bond been substituted therefor, by the institution within four months of bankruptcy proceedings resulting in an adjudication declaring the defendant in the original action a bankrupt, and the bond was therefore discharged by that adjudication.

The Superior Court is advised to enter judgment for the defendant.

In this opinion the other judges concurred.