THE NEW YORK PLUMBERS SPECIALTY COMPANY *vs.*
ABRAHAM M. WEREBITZIK.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A bond in the statutory form given to obtain the release of an attachment takes the place of the property attached, and whatever destroys the attachment destroys the bond.

Section 5914 of the General Statutes provides that "no estate which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor shall take out an execution and have it levied on the personal estate attached, or demand made on the garnishee in cases of foreign attachment, within sixty days after final judgment." *Held:*

1. That demand upon the garnishee within the statutory period is a condition precedent to the right of the judgment creditor to maintain an action of *scire facias* against him.

2. That when the foreign attachment is released by the substitution of a bond in statutory form, the surety in effect occupies the position of the garnishee, and demand within sixty days after final judgment must be made upon him as a prerequisite to liability.

Argued January 22d—decided March 4th, 1926.

ACTION against the surety upon a bond given to release an attachment, brought to the Court of Common Pleas for New Haven County where a demurrer to the complaint was overruled (*Booth, J.*) and, upon the failure of the defendant to plead further, judgment was rendered for the plaintiff for $783, from which the defendant appealed. *Error; Court of Common Pleas directed to sustain the demurrer.*

*Ralph H. Clark,* with whom, on the brief, were *Samuel C. Morehouse* and *John M. Chapnick,* for the appellant (defendant).

*Franklin Coeller,* for the appellee (plaintiff).

HINMAN, J.   The bond sued upon, annexed to the complaint, is an attachment bond in the form prescribed by § 5888 of the General Statutes, and it appears therefrom and from allegations of the complaint that it was given to release a garnishment of funds belonging to Bissman in the hands of the Mechanics Bank of New Haven.   The complaint further alleges that the plaintiff secured judgment against Bissman on October 9th, 1924; that execution was issued upon the judgment on January 26th, 1925; that demand was made upon Bissman and this defendant on February 17th, 1925, and refused by both; and that the execution was returned unsatisfied on February 19th, 1925.

The ground of demurrer is that because no demand by virtue of the execution was made, either upon the judgment debtor or the present defendant, within sixty days after the rendition of the judgment, the liability of this defendant terminated.   This contention is based upon § 5914 of the General Statutes, which provides that "no estate which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor shall take out an execution and have it levied on the personal estate attached, or demand made on the garnishee in cases of foreign attachment, within sixty days after final judgment."

The trial court, in deciding the demurrer, held that this statutory provision refers and applies only to cases in which estate remains under attachment and subject to levy on execution, or *scire facias* against a garnishee, and has no application to a situation in which the attachment has been released and a bond substituted therefor.

It is settled law in Connecticut that a bond in the statutory form, given to obtain release of an attachment, is a substitute for the property and not a sub-

stitute for the lien of the attachment. The bond takes the place of the property attached. *Perry* v. *Post,* 45 Conn. 354; *Schunack* v. *Art Metal Novelty Co.,* 84 Conn. 331, 80 Atl. 290; *Republic Rubber Co.* v. *Foster,* 95 Conn. 551, 111 Atl. 839; *McCann-Camp Co., Inc.* v. *Globe Indemnity Co.,* 101 Conn. 541, 126 Atl. 687. The lien of the attachment remains in legal contemplation over the property through the bond, or over the bond as representing the property. It follows that whatever destroys the attachment destroys the bond. *Schunack* v. *Art Metal Novelty Co., supra.*

In *Hayes* v. *Weisman,* 97 Conn. 387, 116 Atl. 878, it was held, after a careful review of the history and development of the law relating to garnishment, that from the origin of the right to the present time demand on execution upon the garnishee has always been a prerequisite to the maintenance of *scire facias* against such garnishee, and that, at least since 1797, if no such demand is made within the statutory period of sixty days after judgment, all right to recover from the garnishee on *scire facias* is lost. If, however, such demand is made without result, then *scire facias* may be brought within one year.

When a bond in the statutory form is substituted for the funds of a defendant secured by foreign attachment in the hands of a garnishee, the obligation of the bond then and thereafter represents the property, and the surety on the bond in effect succeeds to and occupies the position of the garnishee. Every logical reason for seasonable demand on the garnishee, as a prerequisite to *scire facias,* applies with at least equal force to his successor, the surety. If the judgment is not paid on such demand, action against the surety upon the bond is a substitute for, and analogous to, the remedy by *scire facias* against a garnishee. If due demand be made without result, then suit on the bond may be

brought at any time within the period prescribed by § 6151 of the General Statutes.

There is error and the Court of Common Pleas for New Haven County is directed to sustain the demurrer.

In this opinion the other judges concurred.