## CONRAD BAISCH KROEHLE CO v HOFF

Ohio Appeals, 9th Dist, Lorain Co

No 535.   Decided Oct. 21, 1930

Stevens & Stevens and Cyril J. Maple, all of Elyria, for Conrad Baisch Kroehle Co.
Wesley L. Grills, Lorain, for Hoff.

FUNK, PJ.

It will be observed that the bond upon which this action is founded was given under **10287 GC**, which was for the discharge of the automobile from the attachment and was given in double the amount of plaintiff's claim as stated in his affidavit, and was not given under **Sec. 10258 GC**, which provides that the bond must be

given in double the appraised value of the property, conditioned "that the property or its appraised value in money will be forthcoming to answer the judgment of the court."

A bond given under said **Sec. 10287 GC** may be referred to and designated as a "discharge" bond, while a bond given under **Sec. 10258 GC** may be referred to as a "redelivery" or "forthcoming" bond.

There is no claim made that plaintiff did not properly perfect his appeal nor that the appeal bond does not comply not only with **Sec. 10383 GC** on appeals generally but also with **Sec. 10280 GC**, which provides that the bond shall contain a provision to pay the defendant all damages sustained if it be found in the Common Pleas Court that the attachment was wrongfully obtained. Neither is there any claim that the word "magistrate" used in the bond is not synonomous with the word "justice" used in the statute, but it is rather assumed in the briefs and the arguments that they are synonomous.

Counsel for defendant calls attention to the fact that **Sec. 10258 GC** provides that the bond must be conditioned "that the property or its appraised value in money will be forthcoming to answer the judgment of the **court** in the action," and that **Sec. 11827 GC**, which is the corresponding section applicable to the Common Pleas Court for forthcoming bonds, also reads the same way, and that **Sec. 11844 GC**, which provides for a discharge bond in the Common Pleas Court, requires the bond to be conditioned "that the defendant will perform the judgment of the **court**," while **Sec. 10287 GC**, under consideration in the instant case, provides that the bond be conditioned "to the effect that the defendant will perform the judgment of the **justice.**"

Counsel thus contends that since **Secs. 10256, 11827** and **11844 GC** all use the word **"court,"** while **Sec. 10287** uses the word "justice," said **Sec. 10287 GC** should be construed strictly and limited to the exact letter of the bond, and that it literally means the judgment of the justice of the peace alone and has no reference or application to the judgment of a higher court in which the case is finally determined; and that this rule is especially applicable in the instant case since the surety is an individual or gratuitous surety, as distinguished from a paid surety. It is therefore claimed that when the justice rendered judgment for defendant, the bond became of no effect and

had no application to the performance of the judgment of the Common Pleas Court, even though the case was properly appealed to that court and judgment there rendered in favor of the plaintiff. This is the sole question at issue in this court.

If we follow the reasoning of counsel for fendant in the instant case to its logical conclusion and apply it to a case where the justice had rendered judgment for plaintiff and defendant had appealed and the Common Pleas Court rendered judgment for the defendant, the discharge bond would have to be paid because the justice rendered judgment for plaintiff, even though the Common Pleas Court rendered judgment for the defendant. We hardly believe that it would be contended by counsel for defendant that defendant and his bondsmen would be required to pay the discharge bond if judgment had been rendered by the justice for plaintiff and on appeal by the Common Pleas Court for the defendant.

It will be further noted that by virtue of said **Sec. 10287 GC** a defendant has the absolute right to give a bond and have the property discharged from the attachment and returned to defendant without an order of the justice, whether or not the attachment was rightfully issued—the only requirement being that the bond must be approved by the justice.

Although the section reads that upon the giving of the bond to the approval of the justice "the attachment in such action must be discharged and restitution made of the property taken under it," yet construing the section as a whole and in relation to other sections on attachment, it is obvious that such bond is given only for the purpose of securing a release of the attached property and not for the discharge of the attachment itself, as our Supreme Court has held that a discharge bond such as this is takes the place of the property, that the property may be disposed of by the plaintiff or levied upon by other creditors, and that the giving of such bond discharging the property from the attachment does not prevent the defendant from proceeding under **Secs. 10258** and **10259 GC** to have the attachment itself discharged.

Myers v. Smith, 29 Oh St 120.
Jayne's Exrx. v. Platt, 47 Oh St 262.
Edwards v. Goldstein, 80 Oh St 303.

Moreover, **Sec. 10279 GC** provides that if a judgment is rendered in favor of the defendant before the justice, the attachment shall be discharged **unless** within ten days

the plaintiff gives a bond for appeal to the Court of Common Pleas, and in that event the property shall not be discharged and returned to the defendant but the attachment shall be continued and determined by the Court of Common Pleas as though it had been issued from that court. Under this section, if the discharge bond had not been given, the property would have remained in the hands of the officer until the case was disposed of in the Common Pleas Court.

Since **Sec. 10279 GC** provides that on appeal the attachment shall continue and the property remain in the possession of the officers, and since **Sec. 10287 GC** provides that when the bond is given the attachment must be discharged and the property returned to defendant, and since our state courts hold that the bond clearly takes the place of the property, can it be said that said **Sec. 10287 GC** should be so strictly and literally construed as to limit it only to the judgment of the **justice** and not give it the broader construction to mean the judgment of the court in which the case is finally disposed of, when the case has been properly appealed and a higher court renders a judgment in favor of the plaintiff.

We think not, as it will be noted that property released by the constable under a forthcoming bond under **Sec. 10259 GC** is constructively in his possession during the pendency of the action, and that the bond is for the return of the property or the payment in money of the appraised value if it is not returned, while property released under a discharge bond under **Sec. 10287 GC** is discharged entirely and the bond is substituted for the property and becomes the security of the creditor instead of the property and is given in double the amount f plaintiff's claim instead of double the amount of the appraised value of the property.

4 O. Jur., "Attachment," Sec. 125.
6 C. J., "Attachment," Sec. 679, p. 327.
45 Conn. 354, Perry v. Post.

It would surely be an injustice to an attaching plaintiff to hold that said **Sec. 10287 GC** should be so literally construed as to refer only to the judgment of the justice court, when the statute provides for an appeal and that when an appeal is perfected the property shall be held by the attaching officer until the case is finally determined in a higher court, and further provides that a bond may be given whereby the attachment **"must** be discharged and restitution made of any property taken under it"; and this is especially so in view of the holdings of our Supreme Court that the bond takes the place of the property and that upon the giving of such bond the property may be disposed of by defendant or taken in execution by other creditors and that the giving of such bond does not prevent the defendant from proceeding to have the attachment iself discharged.

Moreover, such holding would enable the defendant to defeat recovery entirely when the justice gives judgment for defendant, even though the higher court gives judgment for plaintiff, which is the situation in the instant case, as defendant now has no property on which execution can be levied.

Furthermore, the rule seems to be well recognized that when an attaching plaintiff properly perfects his appeal within the statutory time, a judgment for the defendant does not divest the attachment, and that such appeal has the effect of preventing the dissolution of the attachment which would otherwise be caused by a judgment of the justice for the defendant.

117 Pac. 165, King v. Watson.

The rule is also well settled in this state that when either party perfects an appeal, the judgment of the justice of the peace is thereby vacated and there is then in reality no judgment of the justice; and it is equally well settled that when a case is properly appealed from the justice of the peace to the Common Pleas Court, the judgment of the Common Pleas Court may thereby be said to be the judgment of the justice, as it becomes the judgment that the justice should have rendered and the bond being given to perform, the judgment of the justice should certainly include the judgment which the justice should have rendered as determined by the Common Pleas Court or the reviewing court in which the case is finally determined.

As to the sufficiency of the petition generally, see Winton v Myers, 58 Pac. 634.

We are therefore unanimously of the opinion that said **Sec. 10287 GC** should be construed to have application to the final determination of the case in the Common Pleas Court, that it was never intended that it should have application only to the judgment of the justice of the peace, that the word "justice" as used in this section should be given the same construction as that given to the word "court" as used in the other sections, and that consequently the petition does state a cause of action.

The judgment will therefore be reversed and the cause remanded for further proceedings according to law.

Pardee, J, and Washburn, J, concur.