MARIO SACRAMONE v. RALPH DEMATTEO

MALTBIE, C. J., BROWN, JENNINGS, ELLS and COMLEY, Js.

Argued April 7—decided August 23, 1949.

*William L. Beers,* for the appellant (plaintiff).

*Anthony A. E. DeLucia,* for the appellee (defendant).

ELLS, J.  This is an action against the surety upon a bond, given in substitution for an attachment, to recover the unsatisfied part of a judgment obtained by the plaintiff against the principal on the bond.  The plaintiff has appealed from a judgment rendered for the defendant.

On August 28, 1946, the plaintiff brought an action against Louis Diglio.  The officer serving the writ attached a 1937 DeSoto automobile owned by him.  Diglio consulted an attorney for the purpose of obtaining a release of the attachment, and, after conferences between the attorney, the sheriff and the plaintiff's lawyer, it was agreed that a bond would be accepted and the attachment released, provided the bond recited that the agreed value of the attached car was $1000.  Diglio's lawyer drew the bond.  He asked the sheriff for a description of the attached automobile and was told in good faith, but by mistake, that it was a 1939

Dodge. The bond was duly executed by Diglio as principal and by the defendant as surety. It recited that "an attachment has been placed upon property of . . . Diglio as follows: to the agreed value of one thousand dollars as a 1939 Dodge 4 door sedan was attached." The bond was given to the sheriff, who released the car and delivered the bond to the plaintiff's attorney.

The action in which the attachment was made resulted in a judgment for the plaintiff which, with interest, amounted to $683.10. Diglio had brought a counter suit in which a judgment for costs in the amount of $42 was entered for the present plaintiff. Executions issued upon the two judgments were levied upon the DeSoto automobile, which was still in Diglio's possession, and the car was sold at public auction for $425. There remained due on the larger judgment the sum of $351.52, with interest from March 11, 1947. The present action against the surety was brought to recover this amount.

The relevant provisions of the bond are set forth in the footnote.[1] It is substantially in the form found

---

[1] "The Condition of this obligation is such that, whereas the said Mario Sacramone has brought an action against the said Louis Diglio said action being returnable to the Court of Common Pleas for New Haven County on the first Tuesday of October 1946, demanding seven hundred and fifty Dollars damages and triple damages, the writ being dated at New Haven on the 27 day of August 1946, and signed by Edward S. Snyder as Commissioner of Superior Court, and by direction of said writ an attachment has been placed upon property of the said Louis Diglio as follows: to the agreed value of one thousand dollars as a 1939 Dodge 4 door sedan was attached.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Now therefore, if the said Louis Diglio shall pay any judgment that may be recovered against him in such action not exceeding the amount of one thousand ($1000) Dollars, the amount of damages demanded by said writ, or in default of such payment, shall pay to the officers having the execution issued on such judgment, on demand, the actual value of the interest, not exempt from attachment and ex-

in General Statutes, § 8047, in that its condition may be performed either by paying the judgment rendered in the action or by paying to the officer having the execution issued on such judgment the actual value of the interest of Diglio in "said" attached property at the time of the attachment. A bond in this form, given to obtain a release of an attachment, is a substitute for the property and not a substitute for the lien of the attachment. The bond takes the place of the property attached. *Perry* v. *Post,* 45 Conn. 354, 357; *Republic Rubber Co.* v. *Foster,* 95 Conn. 551, 554, 111 A. 839; *McCann-Camp Co.* v. *Globe Indemnity Co.,* 101 Conn. 541, 543, 126 A. 687; *New York Plumbers Specialty Co.* v. *Werebitzik,* 104 Conn. 280, 282, 132 A. 454. It is immaterial whether a bond in the statutory form is voluntarily given and accepted by the parties or is imposed by judicial order, for the contractual obligation of the principal and surety, expressed in the condition of the bond, is the same in either case. *Republic Rubber Co.* v. *Foster,* supra, 555.

One of the two conclusions reached by the trial court was that the misdescription of the car was an insurmountable obstacle to recovery by the plaintiff. Counsel for the plaintiff first discovered the misdescription after the present action was brought and about to be tried, whereupon the complaint was amended by adding a second count claiming reformation on the ground of mutual mistake. The court refused to reform the bond. The misdescription was the result of a mistake shared by the plaintiff, through his agent the sheriff, and Diglio. As between them the bond could be reformed, but it could not be reformed as against the

ecution, of the said Louis Diglio in said attached property at the time of such attachment, not exceeding said amount of one thousand ($1000.) Dollars, then this bond shall be void, but otherwise in full force and effect."

defendant surety. There is nothing in the finding to tie him into the mistake; the trial court did not find that he had knowledge of the agreement between Diglio and the plaintiff which resulted in the drawing of the bond. He apparently was presented with a bond describing the attached property as a 1939 Dodge. He agreed that the value of that property, and only that property, was $1000 and obligated himself for that amount. As regards him and the plaintiff, there was no mutuality of mistake nor any situation where the defendant knew that the plaintiff accepted the bond as the result of a mistake and was trying to take advantage of it. *Mishiloff* v. *American Central Ins. Co.,* 102 Conn. 370, 375, 128 A. 33; *Spirt* v. *Albert,* 109 Conn. 292, 301, 146 A. 717. The defendant was not chargeable with notice of the statement in the return of the sheriff that he had attached a DeSoto automobile owned by Diglio, and the mistake in the bond was not of such an obvious nature as that before us in *Tolman* v. *McLay,* 114 Conn. 98, 100, 157 A. 647.

A further claim made by the plaintiff is that the defendant is estopped to deny the truth of the recitals in the bond. The clause quoted above from the bond must be read as meaning that the plaintiff attached as property of Diglio a Dodge sedan of the value of $1000, not as an agreement of the parties that the value of the interest of Diglio in the car amounted to that sum. *Tolman* v. *McLay,* supra, 101, is then the controlling decision. Applying it to this case, the defendant would be estopped to deny that the plaintiff had attached a Dodge car as property of Diglio of the agreed value stated but could prove that Diglio had no interest in the car. The court has found that to be so. The most the plaintiff would have been entitled to recover was nominal damages. We do not in a case like this remand it merely to permit the recovery of such dam-

ages. *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721; *Schmeltz* v. *Tracy,* 119 Conn. 492, 496, 177 A. 520.

There is no error.

In this opinion the other judges concurred.