[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action to recover on a surety bond issued by the defendant, the plaintiff claims that inasmuch as the bond was issued pursuant to a subordination agreement entered into between the plaintiffs and John and Ann Zubretsky, and pursuant to this agreement the plaintiffs subordinated their CT Page 11553 attachment of real estate owned by the Zubretskys and in consideration thereof, the Zubretskys gave the plaintiffs a bond for $16,000.
Where the parties disagree is that the plaintiffs claim it is an unconditional agreement to pay them the $16,000. The defendant claims it is merely a substitute for the attachment to the extent of $16,000. Since the attachment was dissolved by court order, the defendant claims the bond need not be honored because the obligation on it was extinguished.
The court finds that the plaintiffs have not sustained their burden of proof by a fair preponderance of the evidence both from the testimony submitted and the exhibits placed into evidence. Specifically, both exhibits 3 and 4, the subordination agreement and the bond, clearly indicate that the bond was a statutory bond (General Statutes § 52-308) and was filed as a substitute for the attachment. The subordination agreement also unquestionably relates the obligation on the bond to the attachment.
Since the attachment was dissolved, the obligation on the bond is extinguished. Republic Rubber Company v. Foster,95 Conn. 551, 554 (1920); New York Plumbers Specialty Company v.Werebitzik, 104 Conn. 280 (1926). See also McCann-CampCompany, Inc. v. Globe Indemnity Company, 101 Conn. 541, 544
(1924).
Judgment may enter for the defendant.
Freed, J.