HARRIET A. BIRDSALL *vs.* ELONZO S. WHEELER.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and FENN, Js.

The dissolution of an attachment and the substitution of a bond for the attached property, under Gen. Statutes, §§ 929 to 934, necessarily involves the fact of an attachable interest in the property on the part of the defendant in the suit.

And the statement in the bond that the property of *B* has been attached in a suit of *A* against *B* is an admission by the obligors of such an attachable interest in the property on the part of *B*.

And in a suit by *B* on the bond the defendants would be estopped from denying that *B* had such interest.

And this admission of the bond is not qualified by the fact that the officer's

return upon the writ of attachment merely stated that "by virtue of the precept he had found in the defendant's possession and had attached all the personal property in the following schedule."

The attachment of property in a suit necessarily implies an attachment of it as the defendant's property or as that in which he has an attachable interest.

By the terms of the bond as prescribed by the statute (§ 933) the obligors bind themselves that the defendant will pay the amount that may be recovered against him, or, on his default, that they will pay to the officer having the execution the actual value of the defendant's interest in the attached property at the time of the attachment, not exceeding the amount of the recognizance. By § 937, where, in a suit on the bond, the defendant shall claim that the value of the attached property at the time the bond was given was less than the amount directed by the writ to be attached, the burden of proving the actual value is to be upon the defendant. Held that in the absence of evidence to the contrary it would be presumed that the property at the time of the attachment was of as great value as at the time of the giving of the bond.

In the absence of evidence to the contrary the interest of the original defendant in the property attached would be taken to be that of a full owner; and when the full value of the property is shown by the plaintiff in the suit on the bond, the defendant may reduce it by proving the limited nature of such interest; but he may not show that the original defendant had no interest.

The statute which provides that the burden of proof of the actual value shall be upon the defendant in a suit on the bond, was passed in 1886, (Session Laws, 1886, ch. 135,) and contained a provision that it should apply "to any action now pending." This provision was omitted in the statute as it appears in the revision of 1888, § 937. The present action was pending in 1886, but the revision of 1888 was in force when it was tried. Held that the right to the benefit of the statute had attached before the revision took effect and was not taken away by the revision.

[Argued January 24th—decided March 3d, 1890.]

ACTION on a recognizance entered into by the defendant and one Godfrey, given in substitution for an attachment of property under Gen. Statutes, §§ 929 to 934; brought to the Superior Court in Fairfield County, and tried to the jury before *Phelps, J.* Verdict for the defendant and appeal by the plaintiff. The case is sufficiently stated in the opinion, with the exception of the recognizance and the officer's return upon the original writ, which are not fully recited. The recognizance was as follows:—

"Whereas the estate of Georgia V. Alden, of Westport

in the county of Fairfield and state of Connecticut, has been attached by Harriet Ada Trubee, of the city of Brooklyn and state of New York, by process directing an attachment to the value of forty thousand dollars, dated the 29th day of July, A. D. 1874, returnable to the Superior Court for said Fairfield County, at the August term, 1874, thereof, as appears by the officer's return on said process: And whereas the estate of said Georgia V. Alden has been attached by the said Harriet Ada Trubee and Samuel Curtis Trubee, now or late of Fairfield in said Fairfield County, by process directing an attachment to the value of forty thousand dollars, dated the 29th day of July, A. D. 1874, returnable to the Superior Court for said Fairfield County, at the August term, 1874, thereof, as appears by the officer's return on said process:

"You, Jonathan Godfrey, of Fairfield in said county of Fairfield, and Elonzo S. Wheeler, of Westport, also in said county, acknowledge yourselves jointly and severally bound unto the said Harriet Ada Trubee and said Samuel Curtis Trubee, and each of them, jointly and severally, in the sum of fourteen thousand dollars, conditioned that if the said Georgia V. Alden shall pay such judgments as may be recovered against her in each and either of said suits, or, if default of such payment, you pay to the officer having the execution or executions which may be issued on such judgments or either of them, on demand, the actual value of the interest of said Georgia V. Alden in said attached property at the time of said attachment, not exceeding the amount of this recognizance, then this recognizance shall be void.

"JONATHAN GODFREY, [SEAL.]
"ELONZO S. WHEELER, [SEAL.]"
"Taken by me this 16th day of February, 1875.
"EDWARD I. SANFORD,
"Judge of the Superior Court."

The officer's return upon the writ on which the property was attached was as follows:—

"FAIRFIELD COUNTY, *ss.* Westport, July 30, 1874.    By

virtue hereof and by special direction of Wm. K. Seeley, Esq., attorney for the plaintiff, I then and there found in the defendant's possession and attached all the personal property in the following annexed schedule and took the same into my possession; and on the said 30th day of July, 1874, I delivered to said defendant a true and attested copy of this writ, with my doings above stated thereon indorsed.

"Attest, AARON SANFORD, Deputy Sheriff."

*H. S. Sanford* and *S. Judson, Jr.*, with whom was *D. C. Birdsall*, for the appellant.

*G. Stoddard* and *R. E. DeForest*, for the appellee.

FENN, J. This is an action on a statutory bond, substituted for attachments in two suits of personal property, in which the plaintiff having recovered judgment, a new trial was ordered by this court, (*Trubee* v. *Wheeler*, 53 Conn., 458,) which resulted in a verdict for the defendant, and the plaintiff appeals.

The conclusion which we have reached renders it necessary for us to examine but two of the many reasons of appeal. The plaintiff, in writing, requested the court to charge the jury "that the defendant, having executed a bond containing a recital that the estate of Georgia V. Alden was attached in said suits, is estopped from claiming that no estate was attached in which said Alden had an interest." The court did not so charge, but instructed the jury to the contrary effect, that the two prominent questions in the case were, whether at the time of the attachment Mrs. Alden had any valuable interest in the property or any part of it, and if so, of what value it was; and that on both these questions the burden of proof was on the plaintiff, and that she must show that it preponderated in her favor. The court, further on in the charge, in reviewing the evidence, said:—"There is other evidence, however, on the question of title, on which the plaintiff largely and perhaps mainly relies, which is contained in the instrument itself on which the suit is

brought; and that is, a recital which expressly declares that the property attached was the property of Mrs. Alden. The defendant signed that instrument, the contents of which he is presumed to have known, and that declaration, especially in the absence of contradiction or explanation, should be taken most strongly against him. It is an explicit and un-equivocal statement, written on the face of a solemn instrument under seal, which constitutes an admission against his interest in a matter of the highest importance to both the plaintiff and himself, which he would not have been likely to make if he had any doubt of its truth. If it had been pleaded as an estoppel it would have been absolutely conclusive on this point against the defendant. As it was not so pleaded, it must be considered by you as merely evidence in the cause, to which it will be your duty to give the full weight to which it is properly entitled. In view of this, and of such other evidence on this point as has been offered and received in the case, you will say whether, at the time the property was attached, Mrs. Alden was the owner of it or of any valuable interest in it. If you find she was not your verdict should be for the defendant."

At the conclusion of the charge, a recess having been taken, the plaintiff, in view of the statement of the court, moved to amend the pleadings by adding as a replication that the defendant was estopped by the recital in the bond. To this the defendant objected, and the court refused to allow the amendment, " because it then appeared that the recital was so qualified as to destroy its force by the return made by the officer on the original writ, which return had not been offered in evidence and was merely referred to in the recital of the bond." Subsequently, the jury having come into court and asked for information, one of them saying—" What we don't seem to understand is, why Mrs. Alden should give a bond if she hadn't any property," the court in the course of such further instruction said—" It is necessary for you to find that Mrs. Alden, at the time the attachment was made, either owned the property or had some valuable interest in it, and

the burden of proving that is on the plaintiff; " and this was, in substance, later on, repeated.

The dissolution of an attachment by the substitution of a bond is a strict statutory proceeding. (Gen. Statutes, §§ 929—934 which is the same as the former statute, Revision of 1885, p. 406.) It is an express condition precedent of the application that estate shall have been attached, or debts or effects taken by process of foreign attachment. A form of application is provided in the statute, and contains an allegation by the applicant that " the following estate has been attached," and " that he is desirous that said attachment be dissolved." The form of the bond is also prescribed, and commences " Whereas the estate " of the applicant " has been attached," and reference is further made to " said attached property " and " said attachment." The bond in suit follows closely the language of the statute. Clearly there could be no valid attachment upon process against the defendant, unless the defendant in the suit had an attachable interest in the property. And that the law should constrain the plaintiff to accept as a substitute a bond at the instance of a person having no title or interest, and therefore an instrument without validity; should take the property from the hands of the officer and the custody of the law under color of law, and restore it to one against whom even after such restoration no presumption of any ownership or interest in the property would exist, casting upon the plaintiff when forced to resort to the obligation which the law against his will compelled him to receive, the *onus* of showing that it was not worthless, and that the defendant in the original suit was not a mere impostor without standing in the very forum whose jurisdiction he had himself solemnly invoked, is as far from our comprehension as it was from that of the doubting juryman and those of his associates for whom he spoke. Clearly, as we think, the defendant in this suit is estopped from claiming that no estate was attached in which the defendant in the original action had an interest, and not only was the court in error in charging as it did in

reference to the burden of proof, but the instruction asked for as to such estoppel should have been given.

The court, indeed, from one expression in the charge, appears to have recognized the binding effect of the recital, for it stated that "if it had been pleaded as an estoppel it would have been absolutely conclusive on this point against the defendant." To this the twofold answer is, that it did not require to be so pleaded, and that in fact it was. In an action brought directly upon the bond, which is fully recited and set forth, what other or further pleading of the bond, of its contents or of its effect, is necessary or possible? Clearly none, as it appears to us.

To meet the view expressed by the court the plaintiff however moved to amend by adding a replication directly averring such an estoppel. This, upon the defendant's objection, the court declined to allow, holding that the officer's return on the original writ, not in evidence, qualified the recital in the bond so as to destroy its effect. As the court stated to the jury that the return was not offered in evidence, and has directly so found, we might not, although it has been printed in the record, have felt at liberty to consider it, except that the defendant has urgently pressed it upon our attention, and it is probable that, if left unnoticed, it would present a question upon another trial. We will therefore say that the bond in suit, in referring to the officer's return, follows the form prescribed in the statute. We think such reference does not in any sense limit or modify the express declaration that the property of the applicant has been attached. But were it otherwise, though the language used in the return is, in one particular, peculiar and unusual, we can discover nothing in it which would tend to qualify the recital in the bond or to destroy its force. It is true the officer does not say that he attached the articles as the property of the defendant Alden, but only that by virtue of a precept directing him to attach the goods or estate of such defendant, he attached the articles. Clearly under such a writ he must have attached them as her property if at all. The two forms of expression would seem

equivalent. The defendant Alden considered it such attachment when she accepted service and when she applied for the dissolution. The statement that the property was found in her possession, which is the peculiar expression in the return, whatever may have inspired it, is not in contradiction of the rest of the return or inconsistent therewith. Granted that possession is not evidence of ownership; it does not tend to prove the absence of ownership. The words "found in the defendant's possession" might be stricken out. With or without them it signifies the same. An officer never states in his return that the property attached is that of the defendant, but only that he attaches it as such. If he does so attach it, and sees fit to add that he found it in his possession, must it be inferred that he meant that he believed the defendant to be merely the possessor and not the owner? If he does so mean and so believe, of what importance is it? The acts of the officer are relevant, but not his opinions.

It has been urged that the language of the bond being, not that the obligors shall pay the actual value of the property, not exceeding the amount of the recognizance, but only the actual value of the interest of the defendant in the original suit therein, that since it can be shown that such interest was merely nominal, it ought also to be admissible to show that it was nothing; and that a new trial should not, at any rate, be granted to enable the plaintiff to recover merely nominal damages. We cannot adopt this reasoning. Nor do we know that the plaintiff will recover only nominal damages. We think that, unaffected by the statute hereafter referred to, the value of the interest of the defendant in the original suit in the property would, in the absence of all evidence to the contrary, be intended as that of a full owner, that is, the actual value of the property; that when such value is shown, the defendant, in the action upon the bond, may reduce it, by proving the true extent and the qualified or partial nature of such interest, but may not show that the original defendant had no interest, since that would be to nullify his own solemn admis-

sions, and to impeach the very proceedings which he himself, or at least the principal for whom he stood sponsor, had instituted.

We think also the court erred in another regard. General Statutes, § 937, provides that whenever in an action of this character "the defendant shall set up in the answer, or shall claim, that the interest of the principal in the bond, in the property attached in the suit in which the bond was given, was, at the time of the giving of the bond, of less value than the amount ordered by the process in such suit to be attached, the burden of proving the actual value of such interest shall be upon the defendant." The plaintiff requested the court to charge the jury that the presumption of law by virtue of this statute is, in the absence of any evidence, that the value of the interest of Mrs. Alden in the property at the time of giving the bond, was the amount ordered by the process; and that this would be the presumed value of her interest at the date of the attachment, in the absence of any proof of a change in said interest; and we think that, in substance, she was entitled to such instructions, which the court neglected to give.

It is true that the bond is conditioned for the payment of the value of the defendant's interest at the time of the attachment, and this statute refers to its value at a later date, namely, at the time of the giving of the bond, but the statute must, if possible, be construed as designed to have some effect, and the only way it can be so understood is by holding, as seems most reasonable, that in the absence of evidence to the contrary, though the value of the defendant's interest may be greater at the earlier date, it cannot be supposed to be less, and may be inferred to be the same as at the later date, and that the provision as to the burden of proof of value at the time of giving the bond includes the presumption of equal value at the time of the attachment. Surely no hardship can come to a defendant from such a construction, which seems the only way in which the statute can be made operative, since the value of the defendant's interest at the time of giving the bond is of itself,

and wholly unrelated to its value at the time of the attachment, of no relevancy or importance whatever.

It is true also that the defendant did not set up in the answer that the interest of Mrs. Alden was of less value than the amount ordered to be attached, but it sufficiently appears in the finding that such a claim was made by the defendant. In fact, when the plaintiff was compelled to assume the burden of proving the value of Mrs. Alden's interest, and the jury were expressly told by the court that such burden was on the plaintiff, when no evidence was offered on the subject except by the plaintiff, to which the defendant offered none in reply, but claimed that such evidence, being of a sum greater than the amount of the bond, but less than the amount directed to be attached, was largely in excess of the true valuation, it would appear manifest that, at least to all intents and purposes, the defendant had the benefit and the plaintiff the burden which such a claim would impose. Productive of such results, the failure to disclaim would seem itself to constitute a claim within the intendment of the statute.

This statute was originally enacted in 1886, being chapter 132 of the public acts of that session, and it was then made applicable to pending actions. This provision in the Gen. Statutes, in force at the time of the trial, is omitted, but the effect of such omission is not to repeal such provision by implication, or to prevent such applicability to cases where the right had once attached. To hold otherwise would exclude from its operation not only cases pending prior to the original enactment in 1886, but also, although the statute has not been altered, all cases brought subsequent to such passage and prior to the first day of January, 1888, when the new revision became operative, which clearly could not have been intended, nor can we intend.

It ought perhaps to be stated that since the case was before this court on the former hearing, in which a new trial was granted, and before the last trial in the court below, the plaintiff, by leave of court, amended the complaint by striking out such portion thereof as alleged that a certain

part of the attached property afterwards came into her pos-
session, and that a portion only of the judgment obtained
by her against Mrs. Alden was for the value of that part of
the property ultimately retained and converted by Mrs.
Alden. Neither party offered any evidence and none was
before the jury in reference to this subject.

For the reasons given the judgment must be reversed and
a new trial ordered.

In this opinion the other judges concurred.