GEORGE E. MALLORY *vs.* CHARLES E. HARTMAN.

Third Judicial District, New Haven, January Term, 1913.

PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

An execution must conform to the judgment upon which it is predicated and which it is to carry into effect.

The condition of a bond, which was voluntarily given to secure the release of an attachment, provided that the obligation should be void if the principal obligor should pay the judgment that might be recovered against him, not exceeding a stated sum, or, in default of such payment, should pay to the officer having the execution issued on such judgment, on demand, the actual value of the interest of the principal obligor in the attached property at the time of its attachment. *Held* that the value of such interest could not be ascertained and determined by the officer at the time he made demand on the execution, nor was he required to make a

Mallory *v.* Hartman.

demand for anything except the sum named in the execution; that the alternative provision in the bond was obviously in the interest and for the benefit of the obligors, upon whom rested the burden of proving that the value of such interest was less than the full value of the attached property, if they desired to raise that question in a suit on the bond.

In an action on such a bond the defendant surety averred in his answer that the principal obligor was not the owner of, and had but little interest in, the attached property. *Held* that the trial court properly treated this claim as explanatory of the defendant's liability.

A constable of Milford, having the execution in hand, made demand in Bridgeport upon the secretary of the principal obligor and judgment debtor, a corporation whose office and principal place of business was in the town of Milford, for the sum stated in the execution, payment of which was refused. *Held* that under the provisions of General Statutes, § 901, this was a sufficient demand, and complied with one of the conditions of the bond.

The failure of the officer having the execution in hand, to levy or attempt to levy upon property of the judgment debtor, does not affect the liability of the surety on such an attachment bond. By the terms of his obligation his liability is dependent merely upon proof of a judgment against his principal and its nonpayment after a demand made by the officer on execution.

Alternative contracts are such as by their terms may be performed by doing either of several acts at the election of the person from whom performance is due.

A ruling on demurrer becomes of no importance where the same question is again presented and decided after hearing all the evidence in the case.

Argued January 22d—decided April 17th, 1913.

ACTION against the surety upon a bond given to secure the dissolution of an attachment, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the plaintiff for $311, and appeal by the defendant. *No error.*

*Joseph G. Shapiro,* for the appellant (defendant).

*Omar W. Platt,* for the appellee (plaintiff).

RORABACK, J. On the 17th day of August, 1911, the plaintiff, as a constable of the town of Milford, attached

certain personal property, then in that town, claimed to be the property of the Bridgeport Aeronautical Company, in a suit instituted by Topping and Kerr. The Bridgeport Aeronautical Company at this time had an office and its principal place of business in the town of Milford.

To procure the release of this property this Company conveyed and delivered all of the property of which it was possessed to the defendant in the present case. Thereupon the Company, as principal, with Hartman, as surety, executed and delivered to Mallory, the plaintiff, a penal bond in the sum of $500. This obligation contained these provisions, among others: "Now, therefore, if the said The Bridgeport Aeronautical Company shall pay any judgment that may be recovered against it in such action, not exceeding the amount of five hundred (500) dollars (the amount of damages demanded by said writ), or in default of such payment shall pay to the officer having the execution issued on such judgment, on demand, the actual value of the interest of the said Company in said attached property at the time of said attachment, not exceeding the amount of five hundred dollars, then this bond shall be void, but otherwise in full force and effect."

Mallory thereupon released the property attached, and Hartman took it into his possession. On the 27th day of February, 1912, a judgment was rendered in favor of Topping and Kerr against the Bridgeport Aeronautical Company for $452.81 damages and costs. On the same day an execution for the enforcement of this judgment was issued and placed in the hands of Mallory for service. He made demand upon Arthur D. Smith, the secretary of the Bridgeport Aeronautical Company, who was then a resident of Milford, for the amount of the judgment which was named in the

execution. This demand was made in Bridgeport. The secretary refused to pay anything, upon the ground that the Company had no money or property. Mallory thereupon made demand upon Charles E. Hartman, the present defendant, for the amount named in the execution, and he refused to pay the same.

At the time the demand was made upon the execution against the Bridgeport Aeronautical Company it had no property within the State, so far as appeared, upon which levy could be made.

The demand made by the plaintiff upon the execution was for the amount of the same. He did not make any demand for the actual value of the interest of the Bridgeport Aeronautical Company in the attached property at the time of the attachment, nor did he make search for property of the Bridgeport Aeronautical Company, upon which to levy execution, and did not, in fact, levy or attempt to levy on any goods, chattels, or estate of the Company, under and by virtue of the execution.

The trial court rendered judgment for the actual value of the interest of the Bridgeport Aeronautical Company in the property attached.

The defendant in his reasons of appeal alleges that the court erred in ruling that no demand was necessary for the actual value of the interest of the Bridgeport Aeronautical Company in the property attached at the time of its attachment.

"On demand" means demand on the execution. The judgment rendered against the Bridgeport Aeronautical Company was for the sum of $394.50 damages, and $59.31 costs of suit, and that execution issue therefor. The execution which was issued to carry this judgment into effect must conform to the judgment upon which it was predicated. An execution is a process aptly devised to carry the judgment of the law into

force; when there is no such judgment there is nothing to be executed. The clerk of a court derives his authority to grant execution from a record; and if there is no record, he is invested with no authority. *Cutler* v. *Wadsworth*, 7 Conn. 5, 9. The execution in no way fixed or alluded to the value of the interest of the Bridgeport Aeronautical Company in the property attached. This value could not be ascertained and determined by the officer at the time when he made demand upon the execution. This was a matter for judicial investigation, and was never in fact established until the judgment was rendered in the court below in the present action upon the bond. It would be giving an unwarranted effect to this recital in the bond if we were to hold that it imposed any liability upon the plaintiff in making such a demand upon the Bridgeport Aeronautical Company upon the execution. The demand to be made upon Hartman, the defendant, was, according to the terms of the bond, to be made by the officer having the execution issued on such judgment. The object of this provision, apparently, was to notify the surety, Hartman, that execution had been issued against the Bridgeport Aeronautical Company, that the judgment had not been paid by the Company, and that payment was required of him under the terms of this obligation. The record shows that such a demand was made.

The burden of proving the actual value of the interest of the Bridgeport Aeronautical Company in the property attached at the time of the attachment was not upon the plaintiff, as the defendant now contends. The bond in question is in the same form as the one provided for by the statute. Public Acts of 1905, p. 268, Chap. 32. Unaffected by the statute upon this subject, "the value of the interest of the defendant in the original suit in the property would, in the absence

of all evidence to the contrary, be intended as that of a full owner, that is, the actual value of the property"; and "when such value is shown, the defendant, in the action upon the bond, may reduce it, by proving the true extent and the qualified or partial nature of such interest." *Birdsall* v. *Wheeler*, 58 Conn. 429, 436, 20 Atl. 607. General Statutes, § 709, provides that "whenever, in any action brought upon a bond given in accordance with the provisions of § 853, the defendant shall set up in his answer, or shall claim, that the interest of the principal in the bond in the property attached in the suit in which the bond was given, was, at the time of the giving of the bond, of less value than the amount ordered by the process in such suit to be attached, the burden of proving the actual value of such interest shall be upon the defendant." It is obvious that the alternative stipulation in the bond was inserted for the benefit of the defendant. It was for him to decide which one of these provisions he would perform. Alternative contracts are such as by their terms may be performed by doing either of several acts at the election of the party from whom performance is due. *Crane* v. *Peer*, 43 N. J. Eq. 553, 4 Atl. 72, 78; 1 Sutherland on Damages (3d Ed.) § 282. The defendant averred in his answer that the Bridgeport Aeronautical Company was not the owner of, and had little interest in, the property described in the bond when it was attached. The trial court properly treated this claim as explanatory of the liability of the defendant upon the bond, which was the only way that this stipulation could be made operative. No injustice has come to the defendant from such a construction. In no other way could he obtain the benefit of this provision.

The defendant claims that the court erred in holding that the demand made upon the Bridgeport Aero-

nautical Company was sufficient. The demand was made in Bridgeport, by a constable of Milford, upon the secretary of the Company, which was a corporation having its office and principal place of business in that town. The execution was properly in the plaintiff's hands for service upon the corporation, and he was authorized to make the demand upon its secretary wherever he could be found. "When any execution is taken out and delivered to the officer to whom it is directed, to serve, he shall repair to the debtor's usual place of abode, if within his precincts, unless he finds him at some other place, and make demand of the sum due on such execution, with his lawful fees." General Statutes, § 901. The defendant has no concern with any question which might otherwise arise as to the necessity of making a levy, or attempting to levy, upon the property of the Bridgeport Aeronautical Company by virtue of the execution. This is an action based upon a bond which makes no reference to any such requirements. A demand was made upon the Company for the amount of the judgment named in the execution, which it refused to pay, and thereupon this obligation to pay the money was established. Although the terms of the instrument are in conformity with those of the statutory form, yet it cannot be said that it is, strictly speaking, a statutory bond. It was not given by order of court. It was given voluntarily by the defendant, and accepted by the plaintiff as a consideration for the release of the attachment and the delivery of the property to the defendant in this case. By the terms of this obligation, the rendition of a judgment and a default in the payment of the same, with a demand by the officer having the execution issued for the amount of the judgment, were made conditions precedent to any liability on the part of the surety. These conditions were complied with, and payment was refused; all of

which constituted a breach of the conditions of the bond, and gave the plaintiff a right of action.

In view of the disposition which we make of this case, with all the facts before us, it is not necessary to notice the questions raised by the defendant's demurrer to the complaint. *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084.

There is no error.

In this opinion the other judges concurred.