RALPH K. SAFFORD *vs.* KENNETH W. McNEIL.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

In so far as our statutes provide for the record of mortgages of certain articles of personal property, they create exceptions to the general policy of the law with respect to retention of possession, and are, therefore, to be strictly construed to require exact compliance with their terms as a condition precedent to the existence of a lien valid against purchasers and attaching creditors without actual notice.

The land records of this State are intended to be authentic oracles of title upon which bona fide purchasers and attaching creditors may safely rely and which they should, in the exercise of reasonable care, consult; but it is not so with records of personal property which one is not ordinarily required or expected to search before making a purchase or an attachment.

Section 5095 of the General Statutes provides that any instrument intended as a conveyance of lands but which, by reason of a formal defect, operates as a conveyance of an equitable interest therein, shall, when recorded, be notice to all the world of the equitable interest thus created. *Held* that this statute could not be fairly and logically interpreted to charge an attaching creditor of certain personal property with notice of a defectively witnessed instrument in which the debtor's lands, together with the personalty in question, were mortgaged to a third party.

In an action upon a bond given to release an attachment in the form prescribed by § 5888 of the General Statutes, the burden of proving the actual value of the principal's interest in the attached property, if it is claimed to be less than the amount directed by the writ to be attached, is placed by § 5740 upon the defendant whether the bond was given by order of court or, as in the present case, voluntarily.

If a defendant chooses to avail himself of the privilege of substituting for an attachment a bond in which he and his surety expressly obligate themselves to pay the "actual value" of his interest in the attached property, neither of them has cause for complaint in the fact that the actual, or its equivalent, fair market value may exceed the amount which the plaintiff would have obtained from an execution sale if the attachment had remained in force.

After a defendant has regained possession of property actually seized by an officer under a writ of attachment, by substituting a bond

Safford *v.* McNeil.

in the statutory form, both he and the surety on his bond are estopped to deny that the property was validly attached at the time when the bond was given.

Argued April 15th—decided June 30th, 1925.

ACTION against the surety upon an attachment bond to recover the amount of a judgment against the principal, brought to the Superior Court in Fairfield County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

The bond, which was given in an action demanding $20,000 damages, is in the statutory form, and the property attached and released consisted of a bank credit of $1,238 and certain equipment and materials of the Morris Metal Products Corporation, the defendant in the action. Plaintiff, Safford, recovered judgment in that action in the sum of $11,804 and costs.

The Morris Metal Products Corporation was adjudicated bankrupt in proceedings started more than four months after the attachment; and prior to the trial of this action plaintiff had received $354.12 as a dividend from the bankrupt estate.

On the trial the execution of the bond by the corporation as principal and the defendant, McNeil, as surety, was admitted, and no question was made as to the validity of the attachment of the bank credit. The controverted questions related to the value of the interest of the Morris Metal Products Corporation in the tangible personal property attached, and to the validity of the attachment of some of the articles included in the sheriff's return. Plaintiff claimed that the value of the interest of the corporation in the personalty validly attached, exclusive of the bank credit, was at least $14,600. Defendant claimed that the market value of the personalty claimed to have been attached was less than $5,000, and that the value of the interest of the

corporation therein was so uncertain and contingent that it was incapable of being appraised or sold, and hence that it could not be attached or levied on; this by reason of the existence of record, at the date of the attachment, of a mortgage to the First National Bank of Bridgeport covering all the real estate of the Morris Metal Products Corporation, together with certain machinery and other personalty described therein, and also "any after-acquired property forming a part of said manufacturing establishment and connected with or situated or used therein, and any after-acquired substituted machinery or personal property of like nature to the property included in this mortgage." At the time of the attachment there was due and unpaid on this mortgage $56,723.30. The mortgage was executed in New York. It is not witnessed otherwise than by the signature of the notary to an acknowledgement in the Connecticut form. The court held that this mortgage was invalid as a chattel mortgage, and instructed the jury that it did not affect the personal property attached. The court also instructed the jury that, under § 5888 of the General Statutes, the burden was on the defendant of proving that the interest of the principal on the bond, in the property attached was, at the time of giving the bond, less than the amount ordered to be attached.

As to six articles enumerated in the sheriff's return, the trial judge instructed the jury that they were not attached, because not described with sufficient certainty to be identified. He left it to the jury to say whether a time-clock system, claimed to have been attached, was the property of the corporation; and as to all the other items included in the sheriff's return the jury were instructed that the value of the interest of the corporation therein was their actual market value at the date of the attachment.

Defendant appeals for errors in the charge, and in rulings on evidence. Plaintiff filed a bill of exceptions to the instruction excluding from valuation the six articles insufficiently identified by the sheriff's return.

*Jonathan Grout,* for the appellant (defendant).

*William H. Comley,* for the appellee (plaintiff).

BEACH, J. It is admitted that the mortgage to the First National Bank was not executed "as mortgages of land in accordance with the laws of this State," as required by §§ 5206 and 5208 of the General Statutes, which prescribe the terms on which valid mortgages of chattels retained in the possession of the mortgagor may be made. Nevertheless, the defendant claims that the record of this mortgage, covering both real and personal estate, was notice to the world of the fact of an equitable lien on the personalty attached, because § 5095 of the General Statutes provides that any instrument "intended as a conveyance of lands," but which, by reason of a formal defect, operates only as a conveyance of an equitable interest therein, shall be notice to all the world of the equitable interest thus created. We think this contention is fundamentally unsound. It has always been the policy of our law that the land records should be the authentic oracle of title on which a bona fide purchaser or attaching creditor might safely rely. Such a person would be negligent if he failed to consult them. *Wheeler* v. *Young,* 76 Conn. 44, 49, 55 Atl. 670. And the record being thus notice to the world (*i.e.,* to whom it may concern), it is only logical and fair that it should be notice of an equitable as well as a legal title.

Needless to say no such policy exists in respect of the title to personalty. Ordinarily one is not required

or expected to search the town clerk's records before buying or attaching a tangible chattel; and hence it would be quite illogical and unfair to impute to the plaintiff notice of the record of a defectively executed mortgage of the defendant's land because it happened also to embody a defectively executed mortgage of the personalty attached.

Sections 5206 and 5208 of the General Statutes, providing for the record of chattel mortgages when executed as therein required, are in the nature of exceptions to the general policy of law. They do not reverse the general rule as to the effect of retention of possession of tangible chattels by the former owner, by requiring purchasers and attaching creditors of personalty to look to the town clerk's records for authentic information as to the title; but they do create definite exceptions to the rule upon terms imposed by the statutes themselves; and compliance with such terms is thus made a condition precedent to the validity of the lien as against all purchasers and attaching creditors not having actual notice thereof. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.*, 95 Conn. 172, 180, 111 Atl. 149.

The charge that this mortgage was not a valid chattel mortgage as against the plaintiff was correct, and assignment of error eighteen is overruled.

It must also follow that, for the purposes of this action on the bond, the value of the interest of the Morris Metal Products Corporation in the property attached was not diminished thereby, for it seems clear that in a bond given to release an attachment the undertaking of the principal and surety to pay the actual value of the interest of the defendant in the attached property must refer to the interest actually taken by the attachment, rather than to an interest affected by equities wholly invalid as against the at-

taching creditor. Otherwise no attaching creditor ought to be compelled to take such a bond in lieu of the property attached.

The claim that by reason of the mortgage the interest of the defendant corporation in the attached property was rendered so uncertain and contingent that it was wholly incapable of being attached, is answered by the ruling that the mortgage was invalid as to attaching creditors of personalty.

Section 5740 of the General Statutes provides that whenever, in an action on "a bond given in accordance with the provisions of section 5888," the defendant claims that the interest of the principal in the attached property was less than the amount directed by the writ to be attached, "the burden of proving the actual value of such interest shall be upon the defendant." The trial court charged that the statute applied to this case, and the defendant assigns this instruction as error, on the ground that, though executed in accordance with the form set forth in § 5888, the bond was given voluntarily and not imposed on the plaintiff by order of court. As § 5888 says nothing about an order of court, but deals solely with the form of the bond, and § 5740 puts upon the defendant the burden of proving a specific defense to an action on a bond "given in accordance with the provisions of section 5888," we are unable to construe § 5740 otherwise than as referring to a bond in the form recited in § 5888. See also *Republic Rubber Co.* v. *Foster*, 95 Conn. 551, 111 Atl. 839.

The defendant's claim that the actual value of the interest of the defendant in the property attached should be measured, not by its fair market value, but by the amount which it would have brought on execution sale, is based on the argument that if the plaintiff were permitted to recover any greater sum in this

action, he would be put in a better position than if he had not released the attachment. That may be true, but the statutes providing for the dissolution of attachments by substituting a bond are primarily for the benefit of the defendant, and they express the terms upon which he is permitted, if he asks for it, to retake his property freed from the lien of the attachment. One of these terms is the agreement of the principal and surety on the bond, in case the plaintiff recovers judgment, to pay the "actual value" of the interest of the defendant in the property attached at the time of the attachment; and the trial court properly charged the jury that the bond meant what it said; and that the actual value of the personalty attached was its fair market value. See also *Perry* v. *Post*, 45 Conn. 354. This instruction rendered it unnecessary for the court to charge the jury, as requested, that the penal sum named in the bond was not evidence of the actual value of the interest of the principal on the bond in the property attached.

Our conclusion that the mortgage was invalid as to personalty, makes it unnecessary to pass on the defendant's assignments of error for rulings on evidence.

The plaintiff has filed a bill of exceptions as to the ruling and charge of the trial court that the value of certain items included in the sheriff's return should not be included, in ascertaining the value of the defendant's interest in the property attached. It seems to be conceded for the purposes of the exception, that the attachment of these items was invalid, or at least not perfected, at the time when the attachment was released and the bond substituted; so that the real question is whether the defendant having regained possession of the property, after an actual seizure by the officer, by substituting a bond in the statutory

Safford *v.* McNeil.

form, may deny that they were validly attached at the time when the bond was given.

In *Birdsall* v. *Wheeler,* 58 Conn. 429, 20 Atl. 607, we held that the giving of a bond in the statutory form then prescribed, estopped the obligors from denying that the defendant had any attachable interest in the property attached. The bond in that case recited that the "estate of the defendant has been attached," and referred to "said attached property," and "said attachment," and the estoppel was based on these recitals and on the ground that, "clearly there could be no valid attachment upon process against the defendant, unless the defendant in the suit had an attachable interest in the property." That is to say, the estoppel was primarily against denying the validity of the attachment, and therefore prevented the defendant from denying that she had any attachable interest in the property. The present statutory form of bond is not in the same words, but is to the same effect; and it recites that "an attachment has been placed upon property of the said" defendant, and refers to "said attachment" and "said attached property." Upon principle the case cannot be distinguished from *Birdsall* v. *Wheeler,* 58 Conn. 429, 20 Atl. 607, and we think that the defendant, having procured the release of its property from the custody of the officer by admitting that it had been attached, and agreeing, in the event of a plaintiff's judgment, to pay to the officer having the execution issued on the judgment "the actual value of the interest, not exempt from attachment and execution," of the defendant "in said attached property," is equitably estopped from denying that the property was validly attached.

There is no error on the defendant's appeal.

In this opinion the other judges concurred.