## SAMUEL EVANS *vs.* CHARLES RAPPAPORT.

Third Judicial District, Bridgeport, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 11th—decided June 13th, 1929.

*John M. Chapnick,* for the appellant (defendant).

*Joseph Shelnitz,* for the appellee (plaintiff).

BANKS, J. The defendant, as surety, executed a bond in the sum of $700 in favor of the plaintiff in substitution for an attachment of several pieces of real estate in an action brought by the plaintiff against one Kantrowitz, and upon the failure of Kantrowitz to pay the judgment obtained by the plaintiff against him in that action, this suit was brought to recover the same from the surety. The bond is in the statutory form and the liability of the surety is limited to the actual value of the interest of the defendant in the attachment suit in the property attached. The defense claimed is that the interest of Kantrowitz in the property attached, at the time of the giving of the bond, was less than the amount ordered by the process in that suit to be attached. Several parcels of land were attached in the original action, but the court has found that the defendant in that action had no equity in any of them except certain land and the building thereon known as 718-720 Third Avenue, West Haven. At the time of the substitution of the bond for the attachment upon this property the building upon it was under construction and about half completed. The property, with the building in its unfinished state, was worth at that time between $8000 and $9000, and was subject to a construction mortgage of $7500 of which $5000 had actually been advanced. There were two liens on the property, one for $500 and the other for an amount not stated, but both were invalid because filed too late. There was also money due for material and labor furnished but there was no evidence that liens to secure the payment of this money were ever perfected or any steps taken to perfect them. The defendant seeks to have the finding of these facts corrected by incorporating therein the names of those furnishing the labor and material with the amounts due each of them. If this correction were made it would

appear that there was some $6700 due for material and labor upon this building. If liens aggregating this sum had attached to the property, it is obvious that there was no equity in it at the time of the giving of this bond. But it does not appear either in the finding or the proposed corrections when this labor and material was furnished. So far as appears, the time within which notice of intention to claim liens could have been given, may have expired at the time the bond was executed. Furthermore, it does not appear that the money due for labor and materials furnished was due to the original contractor; if any inference is permissible it would be that the claims were for material furnished to the original contractor by various materialmen. Whether any liens would attach to the property in favor of such subcontractors, and if so, the amount of the same, would depend upon the payments made in good faith by the owner to the original contractor before receiving notice of their intention to claim liens. General Statutes, § 5220. The finding is silent upon this subject. In an action upon a bond given in substitution for an attachment the burden of proving that the interest of the principal in the property attached was less than the amount of the attachment is upon the defendant. General Statutes, § 5740. The burden was upon the defendant here to prove that there were existing incumbrances upon this property in amount sufficient to reduce the equity of the owner to a sum less than the amount of the judgment obtained against him. This the defendant failed to do.

The trial court found that the equity in the Third Avenue property exceeded the sum of $500 at the date of the substitution of the bond. The defendant asks to have this corrected by substituting a finding that the equity was of no value whatever. The evidence

certified in support of the exception to this finding is from the testimony of Kantrowitz to the effect that certain materialmen at some time settled their claims for seventy-five per cent of the amount due them. It is too indefinite and inconclusive to warrant the correction requested.

There is no error.

In this opinion the other judges concurred.