WHITNEY FROCKS, INC. *v.* NETTIE JAFFE

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued November 13—decided December 24, 1951

*Morris Robinson,* with whom, on the brief, were *Howard W. Benedict* and *Alan H. Nevas,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *Stephen Tate,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff had judgment against the defendant surety on a statutory bond furnished to effect the release of an attachment of personal property. Under the statute, the surety on such a bond is liable only to the extent of the actual value of the interest of the principal in the property released. General Statutes § 8047. The defendant surety claimed that the value of the interest of the defendant in the original suit in the property attached at that time was less than the amount of the bond and that the finding of the trial court to the contrary was erroneous.

The following facts are undisputed: On June 30, 1941, the plaintiff brought suit against Leonard Jobrack. The officer was directed to attach his goods in the amount of $1500. He did attach various articles of personal property belonging to Jobrack and took them into his possession. On July 5, 1941, the attachment was released by the substitution of the bond in suit. The value of the property attached was $1031. Jobrack was principal on the bond and the defendant was his surety. Jobrack subsequently died and his executrix was substituted as defendant in the original action. On October 24, 1949, judgment was rendered that the plaintiff recover from Jobrack's executrix $1011.27. The execution was returned unsatisfied and no part of the judgment has been paid. At the time of the attachment, the only incumbrance on the property attached was a chattel mortgage for $1200 from Jobrack to Hyman Jaffe, the husband of the defendant in the case at bar.

The dispute centers around a finding that Jaffe loaned only $900 to Jobrack in consideration of the $1200 mortgage. The trial court concluded that the mortgage was void because the sum of money loaned was stated to be greater than the amount actually loaned;

General Statutes § 7279; and that therefore Jobrack's interest in the property attached was its full value, not its value less the incumbrance of the mortgage.

The defendant claims that the plaintiff cannot question the validity of the chattel mortgage because the issue was not raised in the pleadings. The special defense on the point was in general terms, to the effect that the interest of Jobrack in the property attached was less than the amount of the judgment obtained against his estate. The chattel mortgage was not mentioned. The parties were at issue on the plaintiff's denial of the special defense. As far as appears in the record, its first knowledge of the defendant's specific claim was obtained when the mortgage was offered in evidence. Under these circumstances, the plaintiff was under no duty to raise the issue in the pleadings.

The defendant admits that the burden of proving the actual value of Jobrack's interest in the attached property is on her. General Statutes § 7900. She claims, however, that when she introduced the chattel mortgage, admittedly duly executed and recorded, the burden of proving its invalidity rested on the plaintiff. This is not so. In none of the cases cited by her is the burden of proof governed by a statutory provision, as it is in the case at bar. Section 7900 is specific. The final clause reads: "the burden of proving the actual value of such [the principal's] interest shall be upon the defendant." Plainer language could hardly be used. The matter is thus summarized in *Birdsall v. Wheeler*, 58 Conn. 429, 436, 20 A. 607: "We think that . . . the value of the interest of the defendant in the original suit in the property would, in the absence of all evidence to the contrary, be intended as that of a full owner, that is, the actual value of the property; that when such value is shown, the defendant, in the action upon the bond, may reduce it, by proving the

true extent and the qualified or partial nature of such interest. . . ." In *Evans* v. *Rappaport*, 109 Conn. 362, 146 A. 611, the defendant claimed that the existence of certain liens reduced the equity of the obligor in the attached property. It was said (p. 364): "The burden was upon the defendant here to prove that there were existing incumbrances upon this property in amount sufficient to reduce the equity of the owner to a sum less than the amount of the judgment obtained against him. This the defendant failed to do." See also *Curley* v. *Marzullo*, 127 Conn. 354, 359, 17 A. 2d 10; *Safford* v. *McNeil*, 102 Conn. 684, 689, 129 A. 721; *Mallory* v. *Hartman*, 86 Conn. 615, 619, 86 A. 567; 7 C. J. S. 530.

The value of the property attached was admitted. The defendant attempted to extinguish that value by proof that it was subject to a mortgage for more than its worth. The burden of proof was on her to prove this fact. The situation is unusual in that the plaintiff offered no evidence on the point but depended on cross-examination of the defendant's witnesses to throw doubt on the bona fides of the transaction. It would serve no useful purpose to detail the evidence. Suffice it to say that after studying the record we cannot hold that the conclusion of the trial court that the face of the mortgage was greater than the amount actually loaned is without support. The disputed finding is one of fact and must remain. The finding thus supports the conclusion reached. Since this is decisive of the case, the other assignments of error are not discussed.

There is no error.

In this opinion the other judges concurred.