## John Perri et al. *v.* Angela Cioffi

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued October 13—decided November 16, 1954

*Benjamin M. Chapnick,* for the appellant (defendant).

*Harold F. Rosen,* for the appellees (plaintiffs).

INGLIS, C. J. On this appeal the sole question is whether the court erred in rendering a summary judgment.

It is alleged in the complaint that in January, 1952, the named plaintiff instituted an action against Dominick Cioffi and attached an automobile; that the attachment was released by the substitution of a bond which the present defendant signed as surety; that in the action judgment was rendered on February 19, 1953, for the present plaintiffs to recover $250 damages and costs taxed at $74.20; that on March 10, 1953, the plaintiffs took out execution, pursuant to which demand for payment was made at the last known place of abode of Dominick Cioffi and also upon his attorney, but not on Dominick Cioffi personally because he could not be located, and that the judgment has not been paid. The plaintiffs seek to recover of the defendant as surety on the bond. The bond sued upon was conditioned as follows: "[I]f the said Dominick Cioffi, shall pay any judgment that may be recovered against him in such action not exceeding the amount of $999.00 dollars, the amount of damages demanded by said writ,

or in default of such payment, shall pay to the officers having the execution issued on such judgment, on demand, the actual value of the interest, not exempt from attachment and execution, of the said Dominick Cioffi, in said attached property at the time of such attachment, not exceeding said amount of $999.00 Dollars, then this bond shall be void, but otherwise in full force and effect." This is in the form prescribed by the statute relating to attachment bonds. General Statutes § 8047.

Before any answer was filed the plaintiffs moved for a summary judgment, accompanying their motion with an affidavit to the effect that $339.20 was due them on the former judgment. Within ten days thereafter the defendant filed her affidavit of defense as required by Practice Book, § 53. Upon the plaintiffs' motion this affidavit was ordered stricken from the files and another motion for summary judgment was made. The defendant filed another affidavit of defense which, upon the plaintiffs' motion, was also ordered stricken. Summary judgment for the plaintiffs was then rendered. From that judgment this appeal has been taken.

The defendant contends that her affidavits set forth two valid defenses against a summary judgment: first, that the plaintiffs' cause of action is not for a liquidated demand, and second, that the defendant is not liable on the bond because no demand for payment of the judgment was made upon Cioffi. Section 52 of the Practice Book empowers the court to render a summary judgment in actions to recover a debt or a liquidated demand in money and in certain other classes of action specifically mentioned.[1]

---

[1] "[Practice Book] Sec. 52. SCOPE OF REMEDY. A summary judgment may be entered (*First*) in any action to recover a debt or liquidated demand in money, with or without interest, arising (a) on

Since the plaintiffs' cause of action is not one of the latter, it becomes necessary to determine whether it is an action for a liquidated demand. That is, was the plaintiffs' claim one for an amount certain or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or within the knowledge of the party to be charged? *Rifkin* v. *Safenovitz*, 131 Conn. 411, 414, 40 A.2d 188.

The gist of the defendant's argument on this point is that her liability on the bond is not for any fixed sum but may be satisfied by the payment of the value of Dominick Cioffi's interest in the attached automobile and that that value is uncertain and, therefore, unliquidated in amount. The answer to this argument is that the plaintiff in a suit against the surety on such a bond as the one before us may recover the full amount of the judgment he has recovered against the principal on the bond, a liquidated sum, unless the surety can prove that the value of the interest of the principal in the attached property is less than the amount of the judgment. The burden of proof on that subject is on the surety. General Statutes § 7900; *Whitney Frocks, Inc.* v. *Jaffe*, 138 Conn. 428, 432, 85 A.2d 242; *Evans*

a negotiable instrument, a contract under seal or a recognizance; (b) on any other contract, express or implied, excepting quasi contracts; (c) on a judgment for a stated sum; (d) on a statute where the sum sought to be recovered is a fixed sum or in the nature of a debt; (e) on a guaranty, whether under seal or not, when the claim against the principal is in respect of a debt or liquidated demand only; and *(Second)* in any other action (f) for the recovery of specific chattels, with or without a claim for withholding the same, provided that if such claim be for other than nominal damages and be unliquidated it may be severed and proceeded with as provided in Sec. 54; (g) to quiet and settle the title to real estate or any interest therein; (h) to discharge any claimed invalid mortgage, lien, caveat or lis pendens."

v. *Rappaport,* 109 Conn. 362, 364, 146 A. 611; *Mallory* v. *Hartman,* 86 Conn. 615, 619, 86 A. 567; *Birdsall* v. *Wheeler,* 58 Conn. 429, 437, 20 A. 607.

In neither of her affidavits did the defendant make the statement that the value of her principal's interest in the attached automobile was less than the amount of the judgment rendered against him. The most she stated was that the condition of the bond was not complied with and that the value of the attached car was not established. It is from these statements that she argues that the plaintiffs' claim was unliquidated in amount. This is not sufficient. For the purpose of determining the question whether the case was a fit one under the rule for a summary judgment, the court was bound to consider that the claim sued upon was a liquidated demand until the defendant, by affidavit, had affirmatively sworn that to the best of her knowledge and belief the attached car was of a value less than the amount of the former judgment.

The defendant's second contention has more merit. It is that a summary judgment should not have been rendered in the face of her affidavit to the effect that the principal on the bond is in parts unknown and that "the plaintiff did not make due demand . . . upon said principal." By the terms of the bond in suit, one of the conditions of the defendant's liability was that her principal must have failed to "pay to the officers having the execution issued on such judgment, on demand, the actual value" of his interest in the attached property. It is well established that, as a condition precedent to the surety's liability on such a bond, there must have been a proper demand on the principal by the officer serving the execution. *New York Plumbers Specialty Co.* v. *Werebitzik,* 104 Conn. 280, 281, 132 A. 454;

*Mallory* v. *Hartman,* 86 Conn. 615, 621, 86 A. 567.

To warrant a summary judgment, it must appear that upon full inquiry it would not be found that a defense existed. *Rifkin* v. *Safenovitz,* 131 Conn. 411, 416, 40 A.2d 188. It is conceivable that in some case an affidavit might be so palpably false that the court could properly strike it from the file and render a summary judgment. To support such a judgment, however, there would have to be a finding of the court to the effect that the affidavit was false. There is no such finding in this case. In another type of case, the facts set forth in the defendant's affidavit, when measured against the statements made in the plaintiff's affidavit, might be such that a question of law appeared to be involved. In the present action, the defendant's affidavit raised the question whether the demand made by the officer serving the execution was a proper demand. This involved an issue of law concerning which the defendant was entitled to a full hearing. Under such circumstances, the court should not undertake conclusively to resolve the question on a motion for a summary judgment. Instead, it should employ the procedure provided in Practice Book, § 55, for forcing the prompt filing of pleadings formally presenting the issue of law.

Practice Book, § 53, authorizes the court to strike an affidavit of defense from the files only if "found by it to be insufficient, frivolous, false, or made only for the purpose of delay." In the present case, the defendant's first affidavit set forth facts which showed at least the color of a defense to such an extent that it should not have been stricken from the files. The court was not warranted in rendering a summary judgment.

There is error, the judgment is set aside and the

case is remanded to be proceeded with in accordance with law.

In this opinion BALDWIN, WYNNE and DALY, Js., concurred.

O'SULLIVAN, J. (concurring). It strikes me that the majority have overlooked the substance of a part of the defendant's affidavit. As one reason why summary judgment should not be entered, the defendant stated, under oath, that her "responsibility upon said bond is the value of the said automobile at the time of said attachment." To be sure, she did not specifically say in the affidavit that the value of the automobile was less than the amount of the judgment, but that was undoubtedly what she intended the quoted words to mean. Since this was her obvious purpose, she was entitled to show that judgment should enter for only such an amount as did not exceed the value of the attached automobile. For this reason, I prefer to find error on the defendant's first contention rather than on the second.