The W. L. WALKER COMPANY *v.* GREEN MANOR
CONSTRUCTION COMPANY, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 16-6412-3425

Argued November 29, 1965—decided April 8, 1966

*Lewis Segal* and *Marshall C. Taylor,* of Manchester, for the appellant (defendant).

*Leonard G. Tracy,* of Hartford, for the appellee (plaintiff).

LEVINE, J. The defendant, the contractor for a new high school building in the town of Warwick, Rhode Island, subcontracted to the plaintiff the installation of chalkboards and blackboards for the sum of $17,000. The complaint in two counts alleged (1) that $1713.70 was due and owing for services rendered, and (2) that the amount retained from payments made, namely 10 percent of the contract price, was due to the plaintiff pursuant to the contract. The defendant denied both counts and made a motion for oyer for the subcontract, and the plaintiff filed a motion for disclosure. Thereafter, the plaintiff moved for summary judgment on the ground that no genuine issue of fact existed, and it filed an affidavit in support of the motion, setting forth the subcontract, performance under the contract, the prime contract price of $2,541,188, payment by the owner of $2,466,940.94, and that the plaintiff's work did not fail to receive final acceptance by the defendant, the defendant's engineers, or the defendant's architects. The affidavit further

stated that the subcontract provides that the defendant may withhold 10 percent of all payments "to insure the subcontractor's full and complete performance of his obligation hereunder and . . . [to] be paid no later than sixty (60) days after such full and complete performance and acceptance by the contractor's engineers."

The defendant also filed a motion for summary judgment, on the basis that no genuine issue of fact existed, and filed therewith a counter affidavit and an affidavit setting forth the following provisions of the subcontract: "All payments covering subcontractor's work and/or material shall be payable only after the contractor has received corresponding payments from the owner . . . . The subcontractor agrees to assume towards the contractor and does hereby assume for the portion of the project covered by this agreement all of the obligations, conditions and liabilities assumed by the contractor towards the owner under the aforesaid Contract Documents, and any other plans, specifications, drawings and documents relating to the aforesaid work which may be issued at any time during the course of the work, all of which are made a part hereof with the same force and effect as if fully set forth." The affidavit further states that the owner city of Warwick refused to pay under the provisions of the prime contract and that a suit is now pending in the Superior Court of Rhode Island for the balance due on the prime contract.

Our Supreme Court has stated: "In passing on the . . . motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264 . . . . If the affidavits and papers in the file (Practice Book § 299) raised an issue of law, it was not

the province of the court to undertake conclusively to resolve that question; instead, it should follow the procedure provided by § 306 of the Practice Book and require the filing of pleadings formally presenting that issue. *Perri* v. *Cioffi,* 141 Conn. 675, 680 . . . ." *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180. The affidavits submitted by both parties indicated that a question of law was involved. The plaintiff cited one provision of the subcontract concerning the requirement for payment within sixty days, and the defendant cited two further provisions covering payments due to the defendant and obligations of the plaintiff and claimed that the plaintiff's suit was premature. Important legal issues were presented as to the nature, extent and legal effect of the clause in which the subcontractor assumed the obligations and liabilities of the contractor to the owner. Important legal issues were presented with respect to the paragraph providing for the payment of the 10 percent withheld within sixty days, and the paragraph providing for payments to the subcontractor by the contractor only after the contractor receives corresponding payments from the owner. Certainly an interpretation of all these clauses covering payments and their due dates and the obligations of the parties was required, and their interpretation and determination were an issue of law which required the filing of pleadings formally presenting the issue in accordance with § 306 of the Practice Book. In this situation, with legal questions to be determined, a summary judgment cannot be granted.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion KOSICKI and KINMONTH, Js., concurred.