## K. A. THOMPSON ELECTRIC COMPANY *v.* WESCO, INC. (9927)

DUPONT, C. J., FOTI and HEIMAN, Js.

Considered March 14—decision released June 4, 1991

*Duncan Ross MacKay,* in support of the motion.

*Kerry M. Wisser,* in opposition of the motion.

FOTI, J. The dispositive issue of this motion to dismiss the appeal is whether the timely filing of a motion to reargue tolls the running of the appeal period. We conclude that it does.

The facts are not in dispute. This is a breach of contract action in which judgment was rendered for the defendant on January 3, 1991. On the following day, the plaintiff filed a motion to reargue, which was heard and subsequently denied on January 22, 1991. On February 4, 1991, more than twenty days after final judgment, the plaintiff filed the present appeal. On February 8, 1991, the defendant filed a timely motion

to dismiss the appeal pursuant to Practice Book § 4056,[1] asserting that the appeal was untimely.

The defendant argues that no authority exists in this state that allows for the filing of a motion to reargue in the trial court, and that the court, therefore, had no authority to act on the plaintiff's motion. The defendant reasons that because a motion to reargue does not extend the appeal period under Practice Book § 4009, the plaintiff's appeal should be dismissed as untimely. We disagree.

We start our analysis with the observation that, although it may be true that no statute or trial court rule of practice specifically authorizes the filing of a motion to reargue following the rendering of judgment, it has long been recognized to be within the inherent power of the trial court to determine whether such a motion should be considered, and, if so, to act on the motion. See *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 709 n.1, 125 A.2d 488 (1956).

Having recognized that the trial court has the inherent power to decide motions to reargue, we must therefore look to our appellate rules of practice to determine whether the appeal period is tolled by the timely filing of such a motion. Practice Book § 4009 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of

---

[1] Practice Book § 4056 provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed.''

Although this rule of practice lists certain motions as examples that, if granted, would render the judgment or decision ineffective, it is clear from the use of the words ''any motion'' together with the reference to ''example,'' that it is the substance rather than the title of the motion that controls. The appropriate test is whether the motion, if granted, would render the judgment or decision ineffective. It is obvious that the granting of a motion to reargue might render a judgment or decision ineffective. We conclude therefore that it satisfies the test of Practice Book § 4009.

The plaintiff's motion to reargue sought to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the plaintiff claimed were not addressed by the court. We note that it is not relevant, for purposes of extending the appeal period under § 4009, whether the claim raised by the motion to reargue had merit in the eyes of the trial court because that motion, *if granted,* would have required that the trial court render a new judgment, taking additional claims of law into account. See *Whitney Frocks, Inc.* v. *Jaffe,* 138 Conn. 428, 429 n.1, 85 A.2d 242 (1951); *Crozier* v. *Zaboori,* 14 Conn. App. 457, 461, 541 A.2d 531 (1988).

Because the plaintiff's motion to reargue was timely filed within the original appeal period and the appeal

was filed within twenty days of the denial of that motion, we conclude that the plaintiff's appeal was timely filed.

The defendant's motion to dismiss the appeal is denied.

In this opinion the other judges concurred.