[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE AFFIDAVIT (#221)
Wendell C. Harp ("Harp") has brought this lawsuit against four employees of the Connecticut Housing Finance Authority ("CHFA") alleging intentional torts and racial discrimination. Two of the defendants, Gary E. King ("King") and Lawrence C. Pilcher ("Pilcher") have filed a motion for summary judgment which is pending. In response to the motion for summary judgment, Harp has filed opposing memoranda and an affidavit executed by him on December 22, 1999. Defendants King and Pilcher have moved to strike Harp's affidavit asserting that it fails to comply with Practice Book § 17-46 because it is not based on personal knowledge and contains hearsay. Harp objects to the motion to strike. For the reason set forth below the motion to strike the affidavit is granted in part and denied in part.
Practice book § 17-46 provides that ". . . opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
In accordance with this rule, Connecticut case law has CT Page 2705 consistently ruled that affidavits not based on personal knowledge, containing hearsay, or otherwise based on inadmissible evidence are insufficient to oppose a motion for summary judgment. See Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203 (1995) (only evidence admissible at trial may be used to oppose motion for summary judgment); Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 583 (1996) (party's conclusory statements do not constitute evidence sufficient to establish the existence of disputed material facts); Associates FinancialServices of American v. Sorenson, 46 Conn. App. 721, 732-33
(1997) (affiant's statement that he was "fully familiar with the facts and circumstances of case at bar" insufficient to demonstrate personal knowledge because it fails to mention how or where knowledge obtained); 2830 Whitney Ave. Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 568-69
(1994) (hearsay statements insufficient and will be disregarded).
A motion to strike is the proper method to attack a counter affidavit that does not comply with rules. 2830 Whitney Ave Corp. v. Heritage Canal Development Associates, Inc., supra33 Conn. App. 569 n 3. King and Pilcher assert that Harp's affidavit should be stricken in its entirety because it "is supposition and conjecture, none of which is based upon the plaintiff's own personal knowledge." Motion to Strike Affidavit. This claim goes too far. While, as discussed below, Harp's affidavit contains inadmissible evidence, it is not so flawed that striking it completely is required. Compare Perri v. Cioffi, 141 Conn. 675,680 (1954) (court may properly strike affidavit that is "palpably false").
Upon review of Harp's December 22, 1999 affidavit, the court finds the following portions do not comply with Practice Book § 17-46 and must be stricken:
A. Paragraph 8
Paragraph 8 states, in part: "the defendants memorialized and executed a conspiracy and joint effort to terminate my contracts and authority to manage CHFA and HUD financed properties." The paragraph goes on to state: ". . . defendants memorialized a detailed illegal plan . . ." There is no indication of Harp's basis of knowledge for the assertions made. Moreover, in paragraph 14, Harp states that memoranda referred to were authored by either defendant Vincent Flynn or Pilcher. Accordingly, the affidavit fails to provide any basis for the CT Page 2706 assertion that "the defendants" as a group, memorialized a plan.
B. Paragraph 9
Paragraph 9 states, in part,: "the defendants took steps to `plant' their false and defamatory statements with a newspaper reporter . . ." Harp has not indicated his basis of knowledge for this statement, A portion of his deposition testimony cited by King and Pilcher suggests that he lacks personal knowledge as to whether the defendant's "planted" defamatory statements with a newspaper reporter.
C. Paragraph 10
In paragraph 10, Harp makes reference to a memorandum authored by defendant Rentz. The paragraph states, in part; "Upon my subsequent discussion of this memo with Kostin Co., official(s), it was disclosed to me that Ms. Rentz had recently and previously worked as an auditor for Kostin Co., C.P.A.'s. And, it was reported that Ms. Rentz had been fired . . ." This information is hearsay based on reports from unnamed persons.
D. Paragraph 13
Paragraph 13 begins with the statement: "The defendants memorialized their plan to publicly discredit me . . ." Further on the paragraph states; "In at least two memoranda authored and distributed by and among the defendants. . ." As with paragraph 8, no basis of knowledge is provided as to claim that "the defendants" authored or memorialized a plan.
E. Paragraph 15
Paragraph 15 begins by stating: "Upon my information and belief . . ." Such a phrase connotes a lack of personal knowledge as to the material that follows.
In sum, the portions of the affidavit discussed above do not adequately establish a basis in Mr. Harp's personal knowledge or otherwise state evidence admissible at trial. Accordingly, paragraphs 8, 9, 10, 13 and 15 of Harp's December 22, 1999 affidavit are ordered stricken.[1]
So Ordered at New Haven, Connecticut this 25th day of February, 2000. CT Page 2707
Devlin, J.