ARTICULATION
The instant proceeding is a foreclosure filed with the court on May 21, 1991 which went to a judgment of strict foreclosure on July 8, 1991. On the date the judgment was entered, the court heard the plaintiff's appraiser, one Steven Breiner, who testified as to his findings and his opinion of the fair market value of the property as of July 8, 1991. That opinion was two million six hundred thousand ($2,600,000) dollars. There was no allocation between land and improvements because the subject matter of the action was raw unimproved land. The court accepted that testimony CT Page 3829 and entered its finding in accordance therewith.
Law days for the owners of the equity were set at August 13, 1991 and successive business and banking days for any subsequent encumbrancers in inverse order of their priorities. That judgment was opened on August 13 and extended until September 13, 1991. On September 13, 1991, the judgment was reopened and the law days extended to September 20. On September 20, the judgment was again reopened and the law days extended until December 19 of 1991. Title to the property and issue vested in the plaintiff on December 23, 1991.
On January 8, 1992, the defendant filed a motion for a deficiency judgment which was heard on March 30, 1992. At the hearing on that motion, the plaintiff's appraiser, a new and different appraiser not associated with Mr. Breiner, whose name was Sheehy, testified as to his opinion of the fair market value of the property as of December 11, 1991, carried forward to December 23, 1991, which was one million two hundred ninety-six thousand ($1,296,000) dollars. The latter opinion of the fair market value, if accepted, presents a variance and a diminution in value of one million three hundred four thousand ($1,304,000) dollars in a period of five months and two weeks time. This court had the opportunity to observe the witness in terms of qualification, articulation and the general manner in which he conducted himself while testifying. It found his testimony completely incredible and unworthy of belief in all respects, save the fact that he supposedly did, in fact, go to the premises.
On April 6, 1992, the plaintiff filed a motion to reargue which until K.A. Thompson Electric Co. v. Wesco, Inc., 24 Conn. App. 758, 759,[1]
was a recognized appellate practice rarely entertained by the trial courts. That motion for some unexplained reason known only to plaintiff's counsel blissfully reposed to the court file until December 20, 1993 when it was denied.[2]
At the hearing, counsel for the plaintiff disclosed that it was seeking to reassert its claim to an amount for deficiency in this case. There was an explanation of an agreement between the individual defendant guarantor and the plaintiff arising out of a voluntary petition filed under Chapter Eleven in the Bankruptcy Court in Bridgeport. Despite that agreement and that filing, the court, not unaware of the plaintiff's concession, noted that it was merely an attempt to do nothing more than reassert the arguments which the court found incredible in the first instance. There comes a time when judgments must be final, and motions to reargue, to reconsider and to review in the trial court are nothing more than veiled attempts to finally obtain an answer contrary to the original ruling of the court and more acceptable to the plaintiff. The court had ruled in the CT Page 3830 first instance and set forth its reasons therefor. It declined to grant the relief sought in the motion for reconsideration.
Moraghan, J.