[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant G R Construction, Inc. ("G R") has filed a "Motion for Reconsideration" of the ruling issued by this court on August 1, 1997 after a full evidentiary hearing on the plaintiff's application for injunctive relief. Despite the title of the motion, the substance of it is for the most part not a request that the court reconsider the evidence presented or the law applied but rather that the court repeat the hearing or accept an affidavit by counsel for the G R as evidence to cure G R's failure to present crucial evidence at the hearing.
The Motion for Reconsideration and the court file were sent by the New Haven clerk's office to the undersigned at a new assignment in Middletown. Plaintiff's counsel has supplied the court with a copy of an objection date stamped by the New Haven clerk's office but omitted from the file, apparently due to backlogs in the clerk's office.
The plaintiff, A. Secondino Son, Inc., notes in its objection to G R's motion that G R had a full opportunity to present evidence at the original hearing and that G R has not identified adequate grounds for entitlement to a new hearing on a CT Page 8814 matter already adjudicated on the merits.
Although the movant has identified no statute or Practice Book provision that specifically authorizes the filing of a motion to reconsider after a ruling has issued, the Appellate Court has determined that it is within the inherent power of the trial court to determine whether such a motion should be considered, and, if so, to act on the motion. K.A. ThompsonElectric Co. v. Wesco, Inc., 24 Conn. App. 758, 759 (1991).
In determining whether a party that has had a full opportunity to present evidence and to be heard as to an application for injunctive relief should be allowed a second opportunity to do so, the standards applicable to a petition for a new trial are appropriately applied. As to such petitions, the Supreme Court has held that a petitioner must demonstrate that 1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; 2) that it would be material; 3) that it is not cumulative; and 4) that it is likely to produce a different result. Asherman v. State, 202 Conn. 429, 434 (1987); Kubeck v.Foremost Foods Co., 190 Conn. 667, 670 (1983). The court inAsherman, 202 Conn. 434, noted that final determinations should not be disturbed except for a compelling reason.
A party that wishes to present evidence not presented in the initial hearing must prove that the evidence was newly discovered and that it could not have been discovered and produced at the original trial by the exercise of due diligence. Kubeck v.Foremost Foods Co., 190 Conn. 670.
In the motion before this court, G R states with regard to the Dress Barn issue that at the time of the hearing on the application for injunctive relief against the arbitration at issue, it had in its possession a document that would have indicated that the plaintiff had agreed to submit the dispute in question to arbitration rather than to a court proceeding. G R claims that it failed to present the document because "none of the fact witnesses to these proceedings present at the hearing could have authenticated the document, which was prepared and submitted by counsel." This statement indicates that G R had the document at issue and knew who prepared it. It was thus not newly discovered evidence. No reason is given why the preparer could not have been called as a witness for the limited purpose of establishing authenticity and agency. The explanation offered CT Page 8815 reveals that G R simply failed to secure at the hearing the presence of all witnesses needed to present evidence. G R states that it had hoped to rely on an affidavit. Since its opponent had a right to object and did object to such hearsay evidence, G R was not entitled to assume that it could fail to prepare to submit its evidence in accordance with the rules of evidence, having present any witnesses needed to authenticate a document sought to be introduced into evidence.
G R claims that with regard to the Caldor project it failed to move into evidence as a full exhibit a document it had marked for identification, and that this document would have proved an agreement to arbitrate. It is elementary that only full exhibits may be relied upon by the finder of fact. As was noted in this court's memorandum of decision, this court called to counsel's attention the status of Exhibit B as having been marked for identification only, and counsel did not move the item into evidence, a motion that would have given rise to an opportunity for objection by the plaintiff. Counsel's inadvertence or unfamiliarity with court procedure is not, under Asherman, a reason to repeat a hearing.
G R has asked this court to reconsider its ruling as to the Caldor project on the further ground that testimony established that a draft of a contract containing an arbitration clause was sent to G R. There was no evidence that G R signed that document. Connecticut General Statutes § 52408 requires that an agreement to arbitrate be written in order to be enforceable. While there was testimony that a proposal to resolve disputes by arbitration was presented in written form by the plaintiff, the evidence did not establish that G R ever agreed to that proposal in writing, either by a signature on the proposal or in any other separate writing. G R seems to be arguing that the party who makes a proposal is bound by its terms even where the proposal is not accepted by the other party. Though the parties may have had subsequent oral contract concerning the work, there was no proof of mutual written agreement to arbitrate disputes. This court set forth the applicable law in some detail in its memorandum of decision. The movant has cited no authority to contradict the Connecticut Supreme Court cases cited by this court. Accordingly, the court finds no reason to reconsider the ruling.
CONCLUSION
CT Page 8816
The movant seeks a repeated hearing in order to cure its failure to present evidence it acknowledges it had in its possession at the time of that hearing. G R has not met the applicable standard and is not entitled to a second hearing.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT